## BRIDGE & CO. *vs.* McCULLOUGH'S ADM'RS.

[IN THE MATTER OF AN INSOLVENT ESTATE.]

1. *When partnership creditors cannot share with separate creditors in estate of deceased partner.*—When the estate of the deceased partner is not sufficient to pay its separate debts, and the surviving copartner has a joint fund in his hands, the partnership creditors are not entitled to share equally with the separate creditors in the estate of the deceased partner.

2. *When and by whom objection may be raised to payment of partnership debt out of estate of deceased partner.*—After a claim against an insolvent estate has been allowed without objection, and the time within which objections are required to be made has expired, the administrator may still move to postpone its payment until after the separate debts shall have been satisfied, on the ground that it is a partnership debt, which is not entitled to share equally with separate debts.

APPEAL from the Court of Probate of Mobile.

IN THE MATTER of the estate of Charles McCullough, deceased, which was declared insolvent on the 22d March, 1852. Among the claims which were filed against said estate, within the time prescribed by the statute and the order of the court, were the claims of J. & L. K. Bridge & Co. and J. & G. C. Alexander & Co., who are the appellants in these two cases; and to the allowance of their claims no objection was raised. On the 5th December, 1854, no person having been nominated to the court by the creditors of the estate as administrator *de bonis non*, the former administrators were continued in office; and the court then rendered a decree, allowing the claims filed against the estate to which no objections had been made, and citing the administrators " to a final settlement of their accounts, and a distribution of the proceeds of said estate, as by law required, on the 9th December, inst."

On the day appointed, all the parties interested in the estate being present, the court proceeded to audit and examine the accounts and vouchers of the administrators, ascertaining the amount of money in their hands, and the credits to which they were entitled. The administrators then filed a written motion, " to postpone the payment of the claims of J. & L. K. Bridge & Co. and J. & G. C. Alexander out of the assets of

said estate, until after the payment of the claims of the individual creditors of said McCullough, because said claims are debts due by the firm of Coffin & McCullough, which was composed of said McCullough and C. G. Coffin ; that said Coffin is now surviving, and the personal assets in the hands of said administrators are not more than sufficient for the payment of the individual creditors of said McCullough ; and that said Coffin, as surviving partner, received funds after said McCullough's death, belonging to said firm, and administered the same." The appellants " objected to the right of said administrators to interpose in this case, at this time, with any such motion, and moved the court that the same be taken from the files of the case ; but the court overruled their motion, and said plaintiffs excepted."

The administrators then offered evidence in support of their motion, to the introduction of which the appellants objected ; but the court overruled their motion, and they thereupon excepted. Evidence was adduced by both parties, in support of their respective positions, on the facts involved in the administrators' motion, and several exceptions were reserved to the rulings of the court on the evidence ; but it is unnecessary to notice these matters, as they are not passed upon by this court. On all the evidence adduced, the court sustained the motion of the administrators, and postponed the payment of the appellants' claims until after the separate debts had been fully satisfied ; holding, that these claims were partnership debts, that the moneys in the hands of the administrators were not sufficient to pay all the individual debts in full, and that there were partnership assets in the hands of the surviving partner ; and the appellants excepted to this decision.

Each of the appellants sued out an appeal from the decree of the court postponing their claims, and here assigned for error the several rulings of the court above stated ; and the two causes were argued and submitted together.

JOHN T. TAYLOR, for the appellants.

O. S. JEWETT, contra.

RICE, J.—We have re-examined the points decided in Smith & Co. v. Mallory's Ex'r, 24 Ala. 628, and are fully con-

vinced that they were well considered, and correctly decided. Upon the authority of that case, we must affirm the decrees in the two cases now under consideration. The action of the court below, in all respects, was authorized by law, and we cannot sustain the objections thereto made by the appellant.

Decree in each case affirmed.