VAN WAGNER & YEOMAN *vs.* CHAPMAN'S ADM'R.

[APPEAL BY PARTNERSHIP CREDITORS FROM DECREE OF DISTRIBUTION OF INSOLVENT ESTATE OF DECEASED PARTNER.]

1. *Marshaling assets between individual and partnership creditors.*—In the distribution of the separate estate of a deceased partner, which has been decreed insolvent, the partnership creditors will be postponed to the individual creditors, when it is shown that the surviving partner has " sued upon several claims due the said firm, and collected the money upon them by due process of law "; although it is also shown that they have obtained judgments, with return of no property found, against the surviving partner, and that he is insolvent.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Leroy W. Chapman, deceased, which was regularly declared insolvent, and against which the appellants and others filed their claims as creditors, within the time allowed by law. The material facts shown by the

bill of exceptions are as follows : The claims filed by the appellants were debts against the firm of L. W. Chapman & Co., of which the decedent was a partner. On these claims, suits were instituted against the surviving partner of the firm, judgments rendered, executions issued thereon, and returned 'no property found.' The appellants then brought suit against the administrator of the decedent, and recovered judgments against him ; and these judgments, on the plea of insolvency being interposed, were certified to the probate court, and no objection there made to them. " It was proved, also, that the surviving partner of said firm of L. W. Chapman & Co. had sued upon several claims due said firm, and collected the money upon them by due process of law. This was the only proof tending to show that there ever had been a joint fund, to which the partnership creditors could resort for payment ; but there was no proof that said surviving partner, at the present time, has in his hands a joint fund, or assets, to which the partnership creditors can resort for payment. It was in proof, also, that said surviving partner was insolvent at the death of Chapman, and has remained so to the present time ; that he had been sued, as surviving partner of said firm, on claims amounting to about $2,000 ; and that executions upon them had been returned ' no property.'"

Upon this proof, the court refused to allow the claims of the appellants, as partnership creditors, to be paid *pari passu* with the claims of the individual creditors, but decreed that they should be paid out of the residue (if any) of the estate after the individual creditors had been paid in full ; and to this ruling the appellants excepted, and they now assign it as error.

PEGUES & DAWSON, with whom was WM. M. BYRD, for appellants.

RICE, C. J.—In Smith v. Mallory, 24 Ala. R. 628, and in Bridge v. McCullough's Adm'r, 27 Ala. R. 661, this court deliberately approved the rule, that the joint creditors shall be first paid out of the joint estate, and the separate creditors shall be first paid out of the separate estate of each partner ; and if there be a surplus of the joint estate, besides what will

pay the joint creditors, the same shall be applied to pay the separate creditors ; and if there be, on the other hand, a surplus of the separate estate, beyond what will satisfy the separate creditors, it shall go to supply any deficiency that may remain as to the joint creditors. That general rule was held to embrace and govern both of the cases above cited, although it was admitted that there were exceptions to the rule.

In the present case, the proof shows that there was a joint fund—that the surviving partner " had sued upon several claims due the said L. W. Chapman & Co., and collected the money upon them by due process of law." That proof being made, it is very clear, that the insolvency of the surviving partner, the suits against him, and the return of no property on the executions issued against him, do not, by virtue of our Code or any other law, exempt the case of the joint creditors (the appellants) from the operation of the general rule. Their case, as presented in this record, does not fall within any class of exceptions to that rule.—Collyer on Partn. §§ 923, 926 ; McCulloh v. Dashiel's Adm'r, 1 Harris & Gill's Rep. 96.

There is no error in the decree of the court below, and it is affirmed.