## COX *vs.* HARRIS.

[ACTION AGAINST INDIVIDUAL MEMBER OF FIRM, FOUNDED ON JUDGMENT AGAINST THE FIRM IN ITS FIRM NAME ONLY.].

1. *Partner; how may be sued to enforce firm liability.*—A judgment against a partnership in its firm name alone, will support an action against an individual member of the firm to enforce his individual liability for the firm debts.

2. *Same.*—The individual liability of each partner for the debts of the firm is not so merged by a judgment against the firm in its firm name only, as to prevent a suit on such judgment against an individual member of the firm to enforce his liability to pay its debts. Judgments, under the provisions of section 2559 of the Revised Code, are in law joint as well as several.

APPEAL from the Circuit Court of Macon. Tried before Hon. LITTLEBERRY STRANGE.

The appellee prosecuted to judgment a suit against the firm of Herrin, Marquis & Co. The names of the individual partners were not given, but the firm was sued merely as a firm, and judgment was rendered against the firm merely.

After the recovery of this judgment, it not having been paid, the appellee brought suit on it against the appellant Cox, who was a member of said firm, and recovered judgment against him before a justice of the peace. Cox appealed to the circuit court, where, on a trial *de novo*, judgment was again rendered against him. Cox appeals, and insists in this court, that his individual liability as a member of the firm could not be enforced by suit against him on a judgment rendered against the firm.

GRAHAM & ABERCROMBIE, for appellant.
LIGON & COBB, *contra*.

PETERS, J.—The judgment against the firm in its firm name alone bound only the "joint property of all the associates."—Rev. Code, § 2538. Yet there can be no doubt that each partner is individually liable for the debts of the firm.— *Waldron, Isley & Co. v. Simmons,* 28 Ala. 620; Collyer on Part. (Perkins' ed.) p. 348, *et seq.; Thomas v. Hearn et al.*, 2 Porter. The mere reduction of a claim against a partnership sued in their firm name is not a payment or satisfaction of the claim. It is simply merged in the judgment, and this judgment becomes the foundation of a new suit. It is perfectly certain that a judgment is a proper cause of action in an independent suit.—3 Bouv. Law Dic. "*Merger*," p. 175; 2 Black. Com. p. 465, (marg.); 1 Chit. Pl. pp. 111, 112, (marg.) It may be objected, that the first judgment against the firm of Herrin, Marquis & Co. is joint, and not several. This was so at common law, but it is changed by our statute. This makes "judgments" "joint

and several."—Revised Code, § 2539. Then this objection, had it been properly interposed in the court below, is of no avail.

Let the judgment be affirmed, with costs.