# Claflin & Co. *v.* Behr's Adm'r.

*Insolvent Estate; Contest among Creditors.*

1. *Partnership and individual creditors.*—On the settlement of the insolvent estate of a deceased partner, partnership creditors are not entitled to share with the individual creditors, when there is a joint fund to which they may resort, and especially when they have already received a dividend out of that fund, although it may not be sufficient to pay them in full.

2. *Same.*—A promissory note, or bill of exchange, drawn or indorsed by the individual partners in favor of the partnership, and used in raising money for partnership purposes, is the individual debt of each partner, as well as of the partnership; and the holder is entitled to share in the assets of the deceased partner's insolvent estate, although he has received a dividend from the partnership fund.

APPEAL from the Probate Court of Montgomery.

Heard before the Hon. F. C. RANDOLPH.

In the matter of the final settlement and distribution of the assets of the insolvent estate of Sam. Behr, deceased, by H. C. Tompkins as administrator. Said S. Behr died on the 6th January, 1888, and his estate was regularly declared insolvent on the 30th July, 1888. At the time of his death, said Behr was engaged in business in Montgomery with his brother, Abe Behr, and had been so engaged for several years, under the firm name of S. Behr & Brother. Soon after the death of S. Behr, the surviving partner executed a deed of assignment to C. F. Moritz, conveying to him all the partnership assets, for the benefit of the partnership creditors. The First National Bank of Montgomery, H. B. Claflin & Co., merchants doing business in New York, and several others, duly filed their claims with the assignee; and it was admitted that the assignee had paid them thirty per cent. on their respective claims, and had a fund which would pay them about ten per cent. more. They also filed their debts as claims against the insolvent estate of S. Behr, for the balance due each, claiming the right to share in the assets equally with the individual creditors who had filed and proved their claims. It was admitted that Abe Behr,

the surviving partner, was also insolvent. The court allowed the claim of the First National Bank, on the ground that it was both an individual and a partnership debt, but refused to allow the claims of the other partnership creditors, until after the individual creditors were paid in full. The claim of the bank was for a balance of about $3,900, due on a promissory note and a bill of exchange, drawn or indorsed by the partners individually, in favor of the partnership, and used in raising money for partnership purposes. The partnership creditors excepted to the disallowance of their respective claims, and also to the allowance of the claim in favor of the bank; and they here assign these rulings as error. The individual creditors did not except to the allowance of the claim in favor of the bank, nor did they join in the assignment of error in reference to it.

WATTS & SON, for appellant.

TOMPKINS & TROY, *contra.*

SOMERVILLE, J.—1. It is the settled doctrine in this State, too long and often declared to be now disturbed, that partnership creditors are not entitled to share *pari passu* with the separate creditors in the estate of a deceased partner, when it is insufficient to pay the separate debts, and the surviving partner, or other trustee of the partnership assets, though insolvent, has a joint fund in his hands. Especially is this true when a creditor has already shared in a distribution of a dividend from the partnership fund, as in this case. This rule has been uniformly followed in both the Chancery and Probate Courts of this State, being a recognized and established rule of practice. And there is nothing in the provisions of our statutes, making partnership debts several as well as joint, which operates to change or modify this equitable rule. The following authorities are conclusive on these questions, and we are satisfied with the principles announced in them.—*Smith v. Mallory,* 24 Ala. 628; *Bridges & Co. v. McCullough,* 27 Ala. 661; *Van Wagner v. Chapman,* 29 Ala. 172; *Evans v. Winston,* 74 Ala. 349.

The Probate Court properly decreed that the appellants were not entitled to share in the assets in the hands of Samuel Behr's administrator, until the individual creditors had been paid in full.

2. The paper held by the First National Bank was a

claim alike against the partnership of S. Behr & Bro., as well as against S. Behr individually—the names of each being on the paper, and aiding to give credit to it in the hands of the holder. It could, therefore, be proved as a lawful demand against the individual estate of S. Behr, as well as against the partnership of S. Behr & Bro.—*Wilder v. Keeler*, 3 Paige, 167; 23 Amer. Dec. 781; s. c., 3 N. Y. Ch. Rep. 101.

We discover no error in any of the rulings of the Probate Court, and its judgment is affirmed.