# Couch *et als.* v. Davidson.

*Action on Constable's Bond.*

1. *Conversion of goods subject to landlord's lien; remedy of landlord.*

[Couch *et als.* v. Davidson.]

—The conversion of goods on which a landlord has a lien for rent under the statute (Code, § 3069), by one with notice of the lien, operates as a destruction of the lien, giving the landlord a right of action against the wrong-doer, for the damage sustained.

2. *Constable's bond; liability under.*—Where a constable, having notice of a landlord's lien, levied upon and sold, under an execution against the tenant, goods of the tenant in the house leased, whereby the lien of the landlord was lost and destroyed, for the damage sustained the landlord may maintain an actain against the constable and the sureties on his official bond, under the provision of the statute (Code, § 273) making the principal and sureties on every official bond liable for the tortious acts of the principal committed under color of his office.

3. *Landlord's lien; not affected by expiration of term of lease.*—The goods of a tenant in a leased house remain subject to the landlord's lien, though the term of the lease has expired, and the landlord may maintain an action for their conversion.

4. *Remedy of landlord for conversion of goods subject to lien; what does not affect.*—In an action at law by a landlord to recover damages for the conversion of goods of his tenant subject to his lien, it is no defense that there were other goods of the tenant, subject to plaintiff's lien, against which he might have proceeded for the collectionof his rent.

5. *Demurrer to complaint; what is not ground of.*—It is not ground of demurrer that the complaint claims special damages which are not recoverable.

6. *Striking pleas from the file.*—A plea which does not present a single element of a valid defense to the action is properly stricken from the file.

7. *Action on constable's bond; proof that constable acted under color of his office.*—In an action on a constable's bond, to recover damages for his wrongful levy upon and sale of goods under execution, to prove that he acted under color of his office. asserting authority under an execution issued by a named justice of the peace, does not require, necessarily the production of the writ itself, nor proof of its particular contents. It may be shown by the testimony of witnesses that the named justice issued the paper intended as an execution; that the constable received it as such, and made the levy and sale under color of authority under it, as an execution.

8. *Principal and agent; when principal not bound.*—An agent charged with no duty or authority other than to collect a claim for rent in full, in money, can not waive his principal's lien for the rent on the tenant's goods.

Appeal from the Circuit Court of Lawrence.

Tried before O. Kyle, Esq., Special Judge.

T. M. Davidson brought this action against W. T.

＊ Couch, J. P. Gibson, C. N. Roberson, and C. W. Lindsay. The complaint was as follows :

"The plaintiff claims of the defendants the sum of one hundred and thirty-seven and 90-100 dollars as damages, for that whereas, on the 21st day of December, 1891, W. F. Porter rented from the plaintiff one brick storehouse in the town of Hillsboro, Lawrence County, Alabama, for a term of one year, said contract of renting beginning on November 1, 1892, which said contract is evidenced by a note executed by the said W. F. Porter on the 21st day of December, 1891, and payable on the 1st day of November, 1892 ; and whereas, before said rents were paid, and while the said sum of one hundred and thirty-seven and 90-100 dollars, as rents aforesaid, was due plaintiff by the said W. F. Porter, and while the said W. F. Porter was the tenant of plaintiff and in the actual occupancy of said brick storehouse, said W. T. Couch, who was a constable of Beat No. 1 in Lawrence County, under color of his office,—he heretofore having given bond with the said J. P. Gibson, C. N. Roberson and C. W. Lindsay as his sureties, which bond is in words and figures as follows, to-wit [setting out constable's bond regularly made and executed],—did on or about the 7th day of November, 1892, levy an execution from the justice's court of beat No. 1 in Lawrence County, Alabama, on a stock of goods of general merchandise, the property of the said W. F. Porter, which said goods were on the premises and in the said brick storehouse of plaintiff, and in the possession of the said W. F. Porter as tenant of plaintiff as aforesaid ; and whereas, by virtue of the levy, the said W. T. Couch, as constable as aforesaid, under color of his office, knowing that said W. F. Porter was the tenant of plaintiff and that said rent note above described was due and unpaid, did on the 17th day of November, 1892, sell at public outcry the stock of general merchandise above referred to, to divers persons, whereby the plaintiff's lien for rent was lost and destroyed, to his damage one hundred and thirty-seven and 90-100 dollars. Plaintiff claims of the defendants the further and additional sum of seventy-five dollars damages for attorney fees in the prosecution of this suit, and for traveling and other expenses incident to attending court, all of which is to plaintiff's damage, and for which he brings this suit.

[Couch *et als.* v. Davidson.]

The plaintiff claims of the defendants the further sum of two hundred and twenty-two and 90-100 dollars damages, as follows : Whereas, W. F. Porter was the tenant of plaintiff under contract commencing on the 1st day of November, 1891, by which contract he became liable to plaintiff for the sum of one hundred and thirty-seven and 90-100 dollars, as rent for one brick storehouse in the town of Hillsboro, Lawrence County, Alabama, and while said tenancy existed and said rents were unpaid, and the said W. F. Porter, as tenant of plaintiff, was in the actual occupancy of said brick storehouse, W. T. Couch, as constable of beat No. 1 in Lawrence County, Alabama, under color of his office, and with full knowledge that said W. F. Porter was the tenant of the plaintiff, and that said rents were due and unpaid, under an execution from the justice's court of beat No. 1 in Lawrence County, Alabama, took possession of a stock of general merchandise, the property of said W. F. Porter, then in the said brick storehouse of plaintiff ; and whereas, by virtue of said execution, the said W. T. Couch, as constable aforesaid, on the 17th day of November, 1892, sold at auction said stock of general merchandise, on which plaintiff had a lien for rent, to divers persons ; and plaintiff avers that by the wrongful acts of the said W. T. Couch, as said constable, plaintiff's lien was destroyed, to plaintiff's damage ; and whereas, by reason of defendant's wrongful acts, it became necessary for plaintiff to employ attorneys to prosecute this suit, and to incur traveling and other expenses in attending court, which said attorney's fees and traveling and other necessary expenses are, in amount, seventy-five dollars. Plaintiff alleges that said wrongful acts were done by said W. T. Couch as constable of beat No. 1 of Lawrence County, Alabama, and that said W. T. Couch had given bond, with J. P. Gibson, C. N. Roberson, and C. W. Lindsay as his sureties, for the faithful performance of his duty as constable for said beat No. 1 in Lawrence County, Alabama, which said bond is in words and figures as follows, to-wit [setting out said bond]. Plaintiff alleges that said act of the said W. T. Couch, as constable of beat No. 1, Lawrence County, Alabama, aforesaid, was a breach of his said bond, to the damage of plaintiff in the sum of two hundred and twenty-two and 90-100 dollars. Hence he brings this his suit."

[Couch *et als.* v. Davidson.]

To this complaint the defendants demurred on the following grounds: "(1) That it is not shown with sufficient certainty what condition of said bond was broken by the defendant Couch. (2) No condition of said bond is averred to have been broken, whereby said bondsmen could be lawfully charged. (3) The second count in said complaint seeks to charge the defendants with the expenses and attorney's fees incurred in this suit, when the same are not recoverable nor authorized by law. (4) The complaint fails to aver that Porter, the tenant of the plaintiff, did not have other and sufficient goods, on which plaintiff had a lien, out of which the claim for rent could have been satisfied. (5) Under the averments of the complaint, this action is not authorized. (6) It is shown by the averments of the complaint that Porter did not occupy said storehouse at the time of said levy and sale as a tenant of the plaintiff, by any contract of rent then existing. (7) The complaint shows that the levy and sale were made under legal process, regular on its face, from a court having authority to issue executions, and that the defendant Couch, as the officer, was bound to execute the mandates of said court. (8) That the complaint shows on its face that the suit was not authorized by law, and that the remedy sought to be enforced is not provided for by law. (9) It is shown in the complaint that the only right held by the plaintiff is in the nature of a lien for rent, which did not vest in the plaintiff such property or right as will sustain an action."

These demurrers to the complaint were overruled, and the defendants filed the following pleas: "(1) That they are not guilty of the matters and things set forth and averred in the complaint of plaintiff. (2) That at the time of said levy and sale the relation of landlord and tenant had ceased to exist between the plaintiff and W. F. Porter, and that plaintiff had waived his lien on the property by reason of the fact that said Porter was allowed to remain in possession of said property, and that no renewal of said contract had been made, after the expiration of said lease, to-wit, November 1, 1892. (3) That at the time of said levy and sale the defendant W. T. Couch was constable of precinct number one in Lawrence county, Alabama, and, as such constable, received on or about the 12th day of November, 1892, an execution, in due form, issued and indorsed by W. F. Berry, a justice of the peace for said county and precinct,

on a judgment regularly obtained before said justice of the peace, and in favor of J. L. Brock and against said W. F. Porter, for the sum of $93.65, and $72.11, costs, and commanding him, said Couch, to levy upon the property of said W. F. Porter to satisfy said judgment; that said levy and sale were made under and by virtue of said execution, and the proceeds of said sale were in part returned to W. F. Berry, and the remainder surrendered to, and turned over to, said W. F. Porter, after having been refused by the agent of plaintiff. (4) That said J. P. Gibson, C. N. Roberson, and C. W. Lindsay were at the time of said levy and sale merely the sureties of the said W. T. Couch, on his official bond as such constable of precinct No. 1 in said county, and did not participate in, or take any part in, said levy and sale, nor receive any benefit thereunder. (5) That at the time of said levy of said execution said W. F. Porter had sufficient goods, wares, and merchandise in said brick storehouse after said levy was made, and that were liable to said lien of plaintiff, to pay off and satisfy plaintiff's lien, but by the consent, connivance, or without objection on the part of the plaintiff's agent, A. W. Bailey, divers persons, to-wit, I. L. James, J. E. Penny, C. N. Roberson, A. W. Bailey, P. Odom, and others, without process of law, carried away from said building sufficient goods to pay off and satisfy plaintiff's said lien for the rent of said storehouse, and that said goods were appropriated by them against said W. F. Porter, (6) That they are not bound for attorney's fees or other costs incurred in said cause by the plaintiff, and are not guilty as charged in the second and third counts of said complaint." " (8) That plaintiff did not at the time of said levy by said constable, nor at the time of said sale under said execution, have any title to said property, and never had the possession of the same." "(10) That the plaintiff never at any time had the legal title to the property alleged to have been sold by said constable, nor the right to the same."

The plaintiff demurred to the second plea, on the following ground: ''Because the said plea is insufficient in law, in this, that, though the tenant may have been permitted to hold over after the expiration of the original stipulated term, the landlord's lien for rents was not lost thereby, under said original contract, nor was

his right to have said goods attached, for the purpose of enforcing his lien and collecting his rents, lost thereby. Nor was the said Couch authorized, after notice of said lien for rent, in levying upon and selling the goods of said Porter.'' The court sustained this demurrer. The plaintiff moved to strike from the file the third, fourth, fifth, sixth, eighth, and tenth pleas, on the ground that they presented no material issues to the matters alleged in the complaint, or any defense to the suit. The court sustained this motion as to each of those pleas.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the following written charge : ''If the jury believe the evidence in this case, they must find for the ·plaintiff, and assess his damages at whatever is due to the plaintiff for the rent, on the note.'' The defendant duly excepted to the giving of this charge. From a judgment for the plaintiff, the defendants appeal. Other material facts are sufficiently stated in the opinion.

S. T. WERT and W. L. MARTIN, for the appellants, cited *Smith v. Huddleston*, 15 So. Rep. 521 ;· *Thompson v. Merriam*, 15 Ala. 166 ; *Denham v. Harris*, 13 Ala. 465 ; *Williamson v. Harris*, 57 Ala. 40 ; *Hussey v. Peebles*, 53 Ala. 432 ; *Thompson v. Powell*, 77 Ala. 391 ; *Leinkauff v. Munter*, 76 Ala. 194 ; *Dewey v. Field*, 45 Mass. 381 ; *Lindsay v. Cooper*, 94 Ala. 170 ; Bigelow on Estoppel (5th ed.) , p. 560 ; *Roach v. Privett*, 90 Ala. 391.

KIRK & ALMON, and LOWE & ALMON, *contra*, cited *Smith v. Huddleston*, 15 So. Rep. 521 ; *First Nat. Bank v. Sproull*, 16 So. Rep. 879 ; *Robinson v. Lehman*, 72 Ala. 401 ; *Weil v. McWhorter*, 94 Ala. 540; *Abraham v. Nicrosi*, 87 Ala. 173 ; *Baker v. Boon*, 100 Ala. 622; 3 Brick. Dig. p. 705, §§ 70–75 ; *Brown v. Isbell*, 11 Ala. 1009 ; *Lunsford v. Deitrich*, 86 Ala. 250 ; *Stevenson v. Moody*, 85 Ala. 526.

HEAD, J.—The demurrers to the complaint were properly overruled. The statute (Code, § 3069) provides that ''the landlord of any storehouse, dwelling house, or other building shall have a lien on the goods, furniture and effects belonging to the tenant, for his rent, which shall be superior to all other liens, except those for tax-

[Couch *et als.* v. Davidson.]

es.'' A remedy is provided for the enforcement of the lien by levy of attachment upon the goods, &c., of the tenant. It is well settled in this State that a conversion of the goods upon which such a statutory lien exists by one, with notice of the lien, operates as a destruction of the lien, giving rise to an action on the case by the landlord against the wrongdoer, for the damage sustained.

The Code, section 273, declares that every official bond is obligatory on the principal and sureties thereon, among other things, ''for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law.'' Under this provision, a constable and his official sureties are liable for his tortious acts, committed under color of his office. See the authorities cited in the foot note to that section, Code of 1886, p. 110.

The complaint alleges, properly, the facts necessary to the existence of plaintiff's lien, as a landlord, upon the goods of the tenant, in the house leased, and that the defendant Couch, who was a constable, and acting as such, with notice of the plaintiff's lien, levied upon and sold the goods under execution in his hands against the tenant, issued from a justice court of Beat No. 1, of the county, whereby the plaintiff's lien was lost and destroyed. The constable's official bond executed by him and the other defendants, as his sureties, is set out, with all facts averred sufficient to show a breach of its condition.

It is not material that the term of the lease had expired at the time of the conversion. The goods were, nevertheless, still subject to the plaintiff's lien.

Nor is it material whether or no there were other goods of the tenant subject to plaintiff's lien, against which he might have proceeded for the collection of his rent. This is not a case or place for marshalling securities. That doctrine has no existence in a legal forum; and, we apprehend, it can nowhere be found that such an issue has been made up and tried before a jury at common law. It is a peculiar equity within the exclusive jurisdiction of the court of chancery, and was invented to protect junior lienholders against the kind of oppression and injustice of which counsel now complain, so earnestly, in argument.—3 Pom. Eq. § 1414; 14 Am. &

Eng. Ency, of Law, 685, *et. seq* ; 3 Brick. Dig. 354, § 321, *et. seq*; 29 Am. Dec. 576 ; 27 id. 301.   The most the execution creditor could have done, without a resort to equity, was to pay off the prior lien, and then preceed with his execution.

It is not ground of demurrer that the complainant claims special damages which are not recoverable.   Such questions may be raised by motion to strike the claim from the complaint, or by objections to testimony, or instructions to the jury.   What appears, in form, to be a second count in the complaint, we suppose was not, in fact, intended as such, but a part of the first count.   It ought to have been omitted, for, alone, it does not pretend to show a cause of action ; and, considered a part of the first count, it was improper, for the reason that the attorney's fees and expenses claimed are not recoverable.   There was no separate demurrer to it.

Pleas 3, 4, 5, 8 and 9 do not present a single element of a valid defense to the action, and they were properly stricken from the file.   The second plea was well nigh, if not quite, as defective as the others, and the demurrer to it was properly sustained.

The case was tried upon the general issue.   To charge the surety defendants, it was only necessary to show in connection with the other material facts, as to which there is no contention, that the levy and sale were made by Crouch, as constable, under an execution issued by a justice of the peace of Beat No. 1, of Lawrence county ; those being the facts averred in the complaint.   The particular contents of the execution—whether the writ was regular or irregular, voidable or void—are immaterial.   If it was issued by the described magistrate, and was delivered to the constable as an execution, and he made the levy and sale, in the assertion of official authority under it, then the wrong was done under color of his office, and his sureties are liable by virtue of the statute. —Authorities *supra*.   To prove, therefore, that the constable acted under color of his office, asserting authority under an execution issued by a justice of Beat No. 1,does not require, necessarily, the production of the writ itself, nor proof of its particular contents.   It may be shown by the testimony of witnesses that the named justice issued the paper intended as an execution, that the constable received it as such, and made the levy and sale

under color of authority under it, as an execution. This was abundantly shown by testimony in which there was no conflict. It is, therefore, not material to notice the exceptions reserved touching the proof of the contents of the execution or the constable's return thereof.

There is no merit in the argument that plaintiff was estopped by the conduct of his agent. The agent was sent there, according to the undisputed evidence, charged with no duty or authority other than to collect the claim for rent. He had no power to waive any right of his principal. He could do nothing, binding the principal, but collect the debt, in full, in money. If, therefore, what he did, by any sort of inference, could be construed as a waiver of the lien, had he been authorized, his conduct cannot affect plaintiff. The court committed no error in giving the affirmative instruction in favor of the plaintiff.

Affirmed.