# Baker *v.* Allen.

### *Destruction of Landlord's Lien.*

(Decided May 24, 1909.)

1. *Landlord and Tenant; Lien; Destruction; Statute.*—Section 2713, Code 1896, has no application where the action is by the landlord against one in no wise a tenant on the place for the destruction of the landlord's lien; the sole means for the application of such practices is the further provision therein that any levy made in violation thereof may be vacated on motion at the first term of the court thereafter.

2. *Same; Evidence.*—The evidence stated and examined and held to authorize a recovery by the landlord for a destruction of his lien by a party not a tenant.

3. *Pleading; Motion to Strike; Demurrer.*—It is not error to sustain a demurrer to a plea which is subject to a motion to strike.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by H. E. Allen against G. W. Baker in case for destruction of a landlord's lien. Judgment for plaintiff and defendant appeals. Affirmed.

[Baker v. Allen.]

D. H. RIDDLE, for appellant.—Sec. 2713, Code 1896, prevents a landlord from collecting his rent of the property of a subtenant if he can collect it out of the property of a tenant in chief. Under this section, and on the authority of *Thames v. Rembert,* 63 Ala. 561 the court should have given the affirmative charge for the defendant. Charge 5 was improperly refused.—1 Mayf. 172. Charge 10 was improperly refused.—*Patterson v. Erwin,* 142 Ala. 401. Charge 12 should have been given. —*Thames v. Rembert, supra.*

P. O. STEPHENS, and J. W. STROTHER, for appellee.— No brief came to the Reporter.

McCLELLAN, J.—The complaint, containing only one count, claimed damages of appellant in consequence of the destruction by him of the plaintiff's (appellee) landlord's lien on cotton and other products. The court gave the affirmative charge for the plaintiff. The main contention for the appellant is that he was denied below the benefit in defense of the provision of Code 1896, § 2713, whereby, under defined conditions, the lienor must first exhaust the tenant in chief before levy is made on the crop of the subtenant. The defendant bore no relation of tenancy in the premises, either to plaintiff or the tenant in chief, S. M. Cotney. The defendant was a creditor of the subtenants of S. M. Cotney. The provision of section 2713, as is evident, was only intended for the protection of the subtenant, upon whose crop, as upon all crops grown on the rented lands, the landlord has a lien. Besides, the statute plainly provides the sole means for its application, viz., by motion to vacate a levy made in violation of it, and that motion must be made at the first term of court thereafter. The action here is in case for the destruction of the lien, and the statute sought to be invoked relates only to the remedy

for its enforcement, qualifying that to the wise protection of the subtenant who, otherwise, might be made to surrender his crop notwithstanding the tenant in chief held abundant product of the land to satisfy the rent. The court properly ruled against any appeal to the cited statute by the defendant.

Plea 2, to which demurrer was sustained, alleged, in substance, that S. M. Cotney, tenant in chief, recovered a judgment against plaintiff for the property here involved, and that that judgment had been transferred to plaintiff. Counsel argue this plea as if it averred that Cotney recovered the judgment against the defendant Baker. The plea does not so aver. The plea was, as appears, subject to be stricken on motion. The court did not err in striking it on demurrer.

The plaintiff testified in part as follows: "I went to see Mr. Baker about getting the stuff, and told him I had a rent claim on it, provided Mr. Cotney didn't make his purchase payment, and I had come over to see whether he would not let the cotton be subject to my rent. He would not agree to that; said the cotton was about there, to find it if I could, or something like that. He would not tell me where it was. I offered to take off $25 if Baker would turn the stuff over, and he would not do it. I have never received anything for the place yet. Baker told me he didn't know it was a rented place; didn't know I had anything to do with it." The reference to "stuff" was to the property described in the complaint. The conversation between plaintiff and defendant was not denied by defendant. From this conversation it appears that defendant had notice of the lien existing on the crops if Cotney failed to make his purchase payment, thereby, under the contract, converting the arrangement from one of purchase into one of rental; that he had the cotton; and that he refused to tell

plaintiff where it was. It was shown without dispute that the S. M. Cotney contract of purchase, because of his default, became one of rental; and it was also conclusively shown that one Ham, acting for defendant, took possession of cotton, etc., grown on the rented premises. It was otherwise shown without dispute that on the trial of another suit defendant admitted receiving cotton, cotton seed, etc., grown on the land. D. N. Cotney testified, and it was not controverted, that defendant knew the witness was a renter in 1903—the year during which the crops in question were raised. There was other evidence tending to show notice, if not actual knowledge, that the cotton, cotton seed, etc., taken possession of and disposed of by defendant was grown on rented premises.

The judgment entry recites that issue was joined on pleas 1, 1 1-2, 2 1-2, and 4. Plea 1 was the general issue. The other pleas find no support in the proof. The plaintiff was entitled to the affirmative charge given.

The remaining assignments, if the actions complained of were erroneous at all, were harmless to the defendant.

There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.