# Baker *v.* Cotney.

## *Assumpsit.*

(Decided May 14, 1914.　Rehearing denied June 24, 1914.
65 South. 799.)

1. *Landlord and Tenant; Lien; Enforcement.*—The rule declared by section 4744, Code 1907, has no application to an action against a creditor of the sub-tenant for the destruction of the superior landlord's lien, where such creditor himself had no such tenancy in the premises.

[Baker v. Cotney.]

2. *Indemnity; Judgment; Satisfaction; Action Over.*—A plaintiff who was only a creditor of the sub-tenant of defendant and who had no tenancy himself in the premises, and who had paid a judgment recovered against him by the landlord in an action brought by the landlord for the destruction of the landlord's lien, was not in privity with the contract between the superior landlord and defendant as tenant in chief, and hence, had no action over against defendant to recover damages equivalent to the judgment paid.

APPEAL from Clay Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by D. W. Baker against S. M. Cotney to recover damages equivalent to a judgment paid by plaintiff. Judgment for defendant and plaintiff appeals. Affirmed.

RIDDLE & PRUET, for appellant. Plaintiff was entitled to recover, and the court erred in the judgment rendered.—2 Words & Phrases 1015; 3 N. W. 272; *Stark v. Bernheim,* 102 Ala. 464. The statute of limitations was without application.—*Washington v. Norwood,* 128 Ala. 383. Privity existed.—*Sherin v. Brackett,* 36 Minn. 152.

CORNELIUS & CORNELIUS, for appellee. The action was barred by the statute of limitations.—§ 4840, subd. 5, Code 1907; *Foster v. Napier,* 80 Ala. 379; *Huss v. Cent. R. & B. Co.,* 66 Ala. 472. The doctrine of subrogation cannot be extended so as to authorize the application of the principle for the relief and benefit of a party who voluntarily surrenders a right or suffers an injury, the consequence of his own willful neglect or wrong, or who has connived at and assisted in the wrong.—*Starke, et al. v. Bernheim, et al.,* 102 Ala. 464; *Galliland v. Williams,* 61 South. Rep. 291. To constitute either an express contract or implied contract, the parties must occupy toward each other a contract status; there must be privity of contract.—Ency. of Law, 2d Edition, vol. 7, p. 104; Words & Phrases, vol.

6, p. 5609; *Alabama Great Sou. R. R. Co. v. Moore &
Stephens,* 109 Ala. p. 395; 71 Ala. p. 122; *Lewis v. Ter-
ry,* 52 Am. State Rep. p. 146; *Coughtry v. Globe Woolen
Co.,* 15 Am. State Rep. p. 387; *Heizer v. Kingsland Mfg.
Co.,* 33 Am. State Reports, 482.

McCLELLAN, J.—This action is by Baker (appel-
lant) against S. M. Cotney; and its object is to recover
from S. M. Cotney damages equivalent in amount to the
sum of a judgment rendered against and satisfied by
Baker at the suit of H. E. Allen. This case was brought
to this court, and may be found reported in 161 Ala.
288, 49 South. 847. The circumstances from which
Baker would deduce his right to a recovery will be stat-
ed. There was claim of court costs and attorneys' fees
paid by Baker in or about the suit of Allen against Bak-
er; but these two asserted elements of damages were
stricken on defendant's (S. M. Cotney's) motion, and
no review of that ruling is presented for consideration
here. The only errors assigned relate to the action of
the court in sustaining demurrers to the complaint
which contains a single count. In substance the count
shows this: In the fall of 1902, S. M. Cotney made a
conditional purchase of a tract of land from Allen.
Upon a contingency defined in that contract, which oc-
curred, the engagement became, for the year 1903, one
of rental by S. M. Cotney.—*Baker v. Allen, supra.* For
the year 1903, S. M. Cotney subrented the land to J. J.,
L. P., and D. N. Cotney. These subtenants of S. M. Cot-
ney became indebted to Baker in the sum of $500 for
supplies, furnished by Baker to them, with which to
make a crop, during the year 1903, on said land. D. N.
Cotney, sold to Baker a part of the crop grown that
year on the rented premises; the value thereof being ap-
plied by Baker on the aforesaid indebtedness of the sub-

tenants to him.  Prior to or shortly after November 1, 1903, the subtenants delivered to S. M. Cotney the amount of lint cotton which was the rent agreed to be paid by them to the tenant in chief, S. M. Cotney.  S. M. Cotney defaulted in the payment of the rent, for the year 1903, he had contracted to pay the landlord in chief, Allen.  Allen had a lien on all the crops grown on the rented premises for the rent S. M. Cotney had agreed to pay him.  It is averred "that notwithstanding this defendant (S. M. Cotney) had collected and received satisfaction in full for the rent due him from the said J. J., L. P., and D. N. Cotney, this defendant (S. M. Cotney) did not pay" the rent due from him, S. M. Cotney, to Allen, the landlord in chief.  It is then further averred that S. M. Cotney allowed his rent to Allen to remain unpaid and permitted Allen to institute suit against him (Baker) for the destruction of Allen's landlord's lien on the crops passing into his (Baker's) hands, from the subtenants, as above stated; that S. M. Cotney, though advised of that suit, took no interest in its defense, but to the contrary "aided and abetted" Allen in the prosecution thereof.  As indicated, that suit resulted in a judgment for Allen, which was paid by Baker.  It is further averred that in a suit in the circuit court of Tallapoosa county, wherein S. M. Cotney impleaded this plaintiff (Baker) for damages for the destruction of his (the sublandlord's) lien on the crops of said subtenants, it was adjudicated that said subtenants had paid off and discharged all indebtedness to S. M. Cotney for rent and advances, and the issues were decided in favor of the plaintiff, defendant in that litigation; and that therefore S. M. Cotney, defendant here, is estopped to assert the existence of any indebtedness, for rent or advances for the year 1903, by the subtenants to him, S. M. Cotney, the sublandlord.

[Baker v. Cotney.]

In the *Baker-Allen Appeal*, 161 Ala. 289, 49 South. 847, we ruled that Baker "bore no relation of tenancy in the premises, either to plaintiff (Allen) or tenant in chief, S. M. Cotney"; that Baker was only a creditor of the subtenants, J. J., L. P., and D. N. Cotney. It was also therein held that the provisions of Code 1896, § 2713 (Code 1907, § 4744) are not available to a creditor of a subtenant—a class to which Baker belonged.

As appears, a vital factor in the creation of the duty for the breach of which the plaintiff (Baker) would have recompense is the obligation resting on S. M. Cotney to pay S. M. Cotney's rent to Allen, the landlord in chief, and S. M. Cotney's failure or refusal to satisfy that obligation. It is obvious that Baker had no interest in that contract between Allen and S. M. Cotney. To a breach of its obligation, Baker was a stranger. Being a creditor of subtenants of S. M. Cotney did not make him a privy to the Allen-Cotney contract. He had no right to invoke any power to compel S. M. Cotney's performance of that contract with Allen. Baker's relation as a creditor of subtenants did not even clothe him with the statutory privilege accorded a subtenant by the provisions of the Code 1896, § 2713 (Code 1907, § 4744). Every element of obligation of the subtenants to pay their indebtedness to Baker was completely subordinate to the superior right and lien of Allen, the landlord in chief. There was no error in sustaining the demurrer.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.