(75 South. 351)

## BORLAND v. ATLANTIC COMPRESS CO.
(4 Div. 707.)

(Supreme Court of Alabama. April 19, 1917.)

TROVER AND CONVERSION ⇐⇒17—REFUSAL TO DELIVER MORTGAGED COTTON—DAMAGES FOR SUBSEQUENT DESTRUCTION.

Where cotton on which plaintiff claimed an equitable mortgage was shipped to defendant company by the mortgagor, and held by it as bailee, and, upon being notified by plaintiff of his claim, defendant company segregated the cotton at its compress so that it might be identified, and the cotton so remained in the compress until it was destroyed by lightning seven or eight months after the notice was given, no action having been taken by plaintiff to enforce his lien, he could not recover damages for the destruction of his lien on the ground that the refusal of defendant company to deliver the cotton was an actionable wrong constituting conversion.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Suit by T. M. Borland against the Atlantic Compress Company. From a judgment for defendant, plaintiff appeals. Affirmed.

This was a suit brought by the appellant against the appellee, seeking to recover of the appellee damages for the destruction of the lien that appellant had on certain cotton. The complaint alleges that the plaintiff, appellant, held a mortgage from C. W. Reeves, executed in 1913, conveying the crops to be raised in 1914; that he raised certain cotton involved in this suit in 1914; that this cotton was shipped to the defendant, appellee; that demand was made on defendant for the surrender of said cotton and refusal by the defendant to surrender; that defendant withheld this cotton from the plaintiff in its warehouse until some time in the month of May or June, 1915. The complaint then alleges that defendant committed a wrong in refusing to surrender the cotton; and that said wrong, together with the destruction of said cotton by fire, caused the plaintiff to lose his lien on the cotton and prevented him from enforcing it.

On the trial the mortgage executed to the plaintiff, conveying the crop for 1914, was introduced, and it was shown that the cotton involved was conveyed by that mortgage. The evidence as to whether or not the plaintiff made demand on the defendant for the surrender of the cotton was in dispute; the plaintiff contending that he demanded the

cotton, while the defendant contends that he only notified it that he held a mortgage on it and notified it not to let any one have it but to hold it for him, and that defendant did hold the cotton for him. The proof further shows that the defendant upon being notified by the plaintiff segregated this cotton and held it in its warehouse; that it was so held until May or June following, when the compress was destroyed by fire caused by a stroke of lightning. The proof further shows that after the plaintiff gave the defendant notice that he held a mortgage on the cotton, and after defendant segregated the cotton and held it, no steps were ever taken by the plaintiff to enforce his lien upon the cotton.

Appellant reserved exception to the following portion of oral charge of the court:

"Unless there was some act or conduct on the part of the defendant's agent previous in point of time to the destruction of the compress with the eight bales of cotton, that is, if the compress was destroyed by an act of God, from fire due to an act of God, then in that event, that is, unless there was some act or conduct on the part of the defendant which resulted in the destruction or impairment of the lien, some act or conduct on the part of the defendant which disabled the plaintiff to enforce his lien as against the cotton in question, which act or conduct took place previous to the destruction of the compress, if the compress was destroyed by fire caused from a stroke of lightning, then in that event the plaintiff would not be entitled to recover as against the defendant in this case."

The cause was submitted to the jury and resulted in a verdict for defendant, and plaintiff brings this appeal.

B. G. Farmer and T. M. Espy, both of Dothan, for appellant. Hill & Thigpen, of Dothan, for appellee.

GARDNER, J. Action on the case by appellant against appellee to recover damages for the destruction of appellant's lien on certain cotton on which he held an equitable mortgage. It is not contended that the destruction of the warehouse of the defendant company by fire resulting in the loss of the cotton was produced by any negligent conduct on the part of defendant, but it is conceded that the compress was set on fire by having been struck by lightning. It is insisted, however, on the part of counsel for appellant, that the refusal of the defendant company to deliver the cotton to plaintiff upon demand was a wrong, constituting in fact an equitable conversion, giving him a right of action, and that therefore the fact that the cotton was subsequently destroyed by an act of God did not relieve defendant of liability, citing Welch v. Evans Bros. Construction Co., 189 Ala. 548, 66 South. 517, among other authorities.

The question of proximate cause of an injury has been a subject of frequent discussion by the courts. M. & O. R. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 South. 17; Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 South. 86. But we do not think it needs consideration here. In Welch v. Evans Bros. Construction Co., supra, there was evidence tending to show actionable negligence. In the instant case, it is insisted that the loss of the cotton should be referred to the wrong conduct of the defendant in refusing to deliver the cotton to plaintiff on demand. It is without dispute that the cotton was shipped to defendant company by another, and held by it merely as bailee; that, upon being notified by plaintiff of his claim thereto, the defendant so placed or segregated the cotton at its compress that it might be identified, and held the same; that this notice was given by plaintiff in October, 1914; that the cotton so remained in the compress until its destruction by fire in May or June, 1915; and that in the interim no action was taken by plaintiff to enforce his lien thereon.

Clearly, to give rise to the principle insisted upon by counsel for appellant, the wrong complained of must have been an actionable wrong. The plaintiff held only an equitable lien on the cotton which is shown from the undisputed evidence to remain segregated at the compress during all the time above referred to, subject to be proceeded against in the enforcement of his equitable lien. The authorities collated in Clark v. Johnson & Lattimer, 7 Ala. App. 507, 61 South. 34, disclose that no right of action for recovery of damages arose in favor of the plaintiff against the defendant for the mere refusal on the part of defendant to deliver the cotton upon demand under the circumstances as here outlined.

No actionable wrongful conduct on the part of defendant having been shown, the plaintiff was not entitled to recovery, and very clearly, therefore, there is nothing in the record of which he can complain. The judgment appealed from will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.