# REPORTS

OF

## CASES ARGUED AND DETERMINED

### AT JUNE TERM, 1849,

~~~~~~~~~~~~~~

## KEMP *vs.* THOMPSON.

1. To authorise a recovery in an action of trover, it is essential that the plaintiff should prove either a general or special property in himself.

Error to the Circuit Court of Choctaw. Tried before the Hon. John Bragg.

J. L. SMITH, for plaintiff in error, cited the following authorities: Smith v. Lockard, 4 A. R. 288; Wentworth v. The People, 4 Scam. 554; Stickney v. Davis, 16 Pick. 19; Burns v. Taylor, 3 Port. 187; Hallowell & Aug. B'k v. Howard, 14 Mass. 181.

VARY, for the defendant.

PARSONS, J.—This is an action of trover to recover the value of four bales of cotton. Glass, deputy of Thompson, who was sheriff of Sumter county, levied upon the cotton in question, whilst in the possession of the plaintiff in error, by virtue of an attachment against one Pope. The only title set up by the plaintiff was such as he acquired by the levy; and the levy was the only evidence tending to prove that the cotton was the property of Pope. There are several errors assigned,

2

but the decision of the first which is presented by the bill of exceptions will suffice to dispose of the case.

At the trial the counsel for the defendant below requested the court to charge the jury "that the plaintiff could not recover unless they were satisfied that the cotton levied on was the property of the defendant in the attachment;" which the court refused. It is unquestionable that a party in order to entitle himself to recover in this action must prove a property in himself; a property either special or general is sufficient; but a property is essentially necessary.—2 Green. Ev. 636; 1 Term. R. 56. The party consequently had a right to the charge as demanded; the Circuit Court erred in refusing it. Let the judgment be reversed and the cause remanded.