## Corbitt *v.* Reynolds.

*Trover.*

1. *Trover; what necessary to maintain.*—To maintain trover, the plaintiff must prove property in himself, and a right to the possession at the time of the conversion.

2. *Admissibility of parol evidence to identify property conveyed by mortgage.*—When a debt is transferred by mortgage, and is therein incorrectly described as being evidenced by note, it is permissible to show by parol, that though described in the mortgage as a note, it is in fact owing by parol, as it is the debt and not merely the evidence of it which is transferred.

3. *Landlord's lien; property in crop not conveyed thereby.*—The lien of a landlord on the crops raised by the tenant for rent has in it no element of property. Under it the landlord has neither a *jus in re* nor a *jus ad rem.* He can not, therefore, nor can the transferee of the debt for the rent, maintain trover against a wrong-doer who has converted the crop.

APPEAL from Henry Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action of trover, brought by the appellee against the appellant for the recovery of damages for the alleged conversion of two bales of cotton.

On the trial it was shown, that one Urquhart rented out a tract of land belonging to him in Barbour county; and afterwards, to secure advances which he obtained from the appellee, he executed to the latter a mortgage conveying, among other things, "a *cotton note* that is given for the rent of my place in Barbour county"; and that the cotton sued for was a part of the crop raised by Urquhart's tenant and turned over to him as rent, and afterwards sold by him to the appellant. The appellee proved and read in evidence the mortgage, against the defendant's objection, and then offered to show that "the *note* mentioned in the mortgage was *to be* for

[Corbitt v. Reynolds.]

seven hundred and fifty pounds of lint cotton," the amount
due to Urquhart for rent; that no "note" was in existence
at the time the mortgage was executed, and that in fact no
"note" had ever been executed therefor.  To the introduc-
tion of this testimony the appellant objected; but the court
overruled the objection, allowed the proof to be made, and
the appellant excepted.  The court charged the jury, among
other things, that "if they believed from the evidence, that
the note mentioned in the mortgage was intended to be given
for the rent of Urquhart's land in Barbour county, the mort-
gage was a valid lien on such rent as between the plaintiff
and Urquhart, and if defendant knew of these facts, the mort-
gage in evidence constituted a lien in favor of the plaintiff
on the rent cotton of the mortgagor for the land in Barbour
county in the hands of the defendant; and that if they
further believe from the evidence, that defendant took that
cotton and converted it to his own use, they must find for the
plaintiff, and assess his damages at whatever it was proved
to be worth at the time he took possession of it, with inter-
est thereon from date, or its greatest value at any time since,
unless it is shown by the proof to their satisfaction, that the
mortgage debt was paid before the commencement of the
suit."  To this charge the appellant excepted.

The jury returned a verdict for the appellee, and from the
judgment rendered thereon this appeal was taken.  The rul-
ings of the court above noted are here assigned as error.

J. A. CORBITT, for appellant.

WM. C. OATES, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The present action, in which the ap-
pellee was plaintiff, and the appellant was defendant, is
trover for the conversion of two bales of cotton.  To support
the action, it was necessary for the plaintiff to prove property
in himself, and a right to the possession at the time of the
conversion by the appellant.— Glaze v. McMillion, 7 Port.
279; Kemp v. Thompson, 17 Ala. 9; Nations v. Hawkins, 11
Ala. 859.  If it had been material to establish the existence
of the debt owing Urquhart for the rent of land, transferred
by the mortgage to the appellee, it would have been per-
missible to show by parol, that though described in the mort-
gage as a note, it was owing by parol, and not by note.  It
is the debt, and not merely the evidence of it, which is trans-
ferred, and parol evidence would be admissible to identify it,

[Palmer & Co. v. Scott & Co.]

however erroneous may be the description of it in the mortgage.—*Posey v. Decatur Bank*, 12 Ala. 802 ; *Graham v. Lockhart*, 8 Ala. 9 ; *Morrison v. Taylor*, 21 Ala. 779.

The transfer of the debt passed however simply an equity, substituting the appellee to the rights and to the place of the transferror. No title to any particular cotton could have passed to the mortgagor until there was a delivery of it to him by the tenant ; nor would any title pass to the appellee as transferree, until such delivery was made to him. There was a lien on the entire crop, whether of corn, cotton, or other annual products, for the payment of the debt, which were produced by the tenant in the current year. This lien has in it, however, no element of property ; neither the landlord, nor the transferree of the debt for the rent, has a *jus in re*, or a *jus ad rem*, and, therefore, neither of them can maintain trover against a wrong-doer, who may convert the crop. *Folmar v. Copeland*, 57 Ala. 588. Whether under the facts shown, an action on the case could be maintained, we do not consider, as the complaint has no count in case.—*Hussey v. Peebles*, 53 Ala. 432 ; *Lomax v. LeGrand*, 60 Ala. 537.

It is not necessary to pass severally upon the rulings of the Circuit Court to which exceptions were taken. There was error in several of them in this view of the case.

Reversed and remanded.