# Starke et al. v. Bernheim et al.

*Bill by Sub-tenant to be subrogated to the Rights of Superior Landlord.*

1. *Landlord and tenant; subrogation of sub-tenant; when bill contains equity.*—When the crops of sub-tenants are attached, and they are compelled by process of law to pay the rents of their tenant in chief, although they had previously paid to him the rent due from them, the sub-tenants can come into a court of equity to be subrogated to the rights of the superior landlord in order to have the crops of the tenant in chief, or their proceeds, subjected to the payment of the rent due from him; and a bill filed by sub-tenants averring payment of rent to the superior landlord under such circumstances, and the sale and conversion by the tenant in chief of the crop, or a part thereof, raised by him, contains equity.

2. *Same.*—When sub-tenants, who have been compelled by process of law to pay to the superior landlord the rent due him from their lessor, file a bill to be subrogated to the rights of the superior landlord, and it is shown that complainants (the sub-tenants) delivered to their immediate landlord such portion of their crops as was necessary to pay their rent, and consented to its removal and sale by him, knowing the superior landlord had a lien thereon for the payment of the rent due him, and did not give the superior landlord notice of such delivery to the tenant in chief, and that the crops so delivered were about to be removed and sold, as provided by statute (Code, § 3067), such

[Starke *et al.* v. Bernheim *et al.*]

sub-tenants are not entitled to the subrogation prayed for, and their bill should be dismissed.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the appellants against the appellees; and prayed to be subrogated to all of the rights of the assignee of one Alford, from whom they had rented certain lands. The facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause, upon the pleadings and proof, it was considered by the chancellor that the complainants were not entitled to the relief prayed for, and he ordered that the bill be dismissed. This decree is now appealed from, and the same is here assigned as error.

NORMAN & SON, for appellants.—The crops of the sub-tenant are charged with the payment of the rent due from the tenant in chief to the landlord.—Code of 1886, §§ 3056, 3066; *Robinson v. Lehman, Durr & Co.*, 72 Ala. 402.

The complainant in the present bill was entitled to be subrogated to the rights of the superior landlord.—Baylies on Sureties and Guarantors, 357; Sheldon on Subrogation, § 1; *Cole v. Malcolm*, 66 N. Y. 363; *Cottrell's Appeal*, 23 Penn. St. 294; *Lidderdale v. Robinson*, 2 Brock. 159; *Weiss v. Guermeau*, 6 West (Ind.) 879; *Johnson v. Barrett*, 117 Ind. 551; *Arnold v. Green*, 27 N. Y. S. R. 724; 116 N. Y. 566; *Cockrum v. West*, 122 Ind. 372.

ARRINGTON & GRAHAM, *contra*.

COLEMAN, J.—The bill avers that one Alford rented land from S. J. Foster for the year 1890, and sub-rented a portion of the land to complainants. Alford's rent was due 1st of November, 1890, and the rent from the sub-tenants to the tenant in chief was due October 1st, of the same year. The sub-tenants delivered certain bales of cotton to their immediate landlord, Alford, in October in payment of the rent due from them, which bales were sold, and the proceeds applied by Alford to his own uses. Alford, the tenant in chief, failing to pay his rent when it became due, an attachment was sued

30

out, by the assignee of Foster, the landlord, and there not being enough of Alford's crop to satisfy the landlord's claim, the crops of the sub-tenants (complainants) were attached, and they were compelled by process of law to pay the rent of Alford, the tenant in chief, although they had previously paid to him the rent due from them as sub-tenants. The bill avers that Alford shipped to Montgomery, Ala., for sale the cotton delivered to him by his sub-tenants, together with a part of his own cotton raised by him. The bill also avers that the respondent Bernheim assisted Alford in the sale of the cotton, collected the money for him, and converted a portion of the proceeds to his own use, with the knowledge that the cotton was raised on land rented from Foster and that the rent had not been paid. The bill does not charge, and there is no evidence tending to show, that the purchaser of the cotton had any notice of the existence of the landlord's lien. The complainants filed the present bill against Alford and Bernheim, and pray to be subrogated to the rights of J. S. Foster, the superior landlord, or his assignee.

In defining the property leviable by attachment for rent of farm lands the statute provides it may be levied upon the crop "or proceeds thereof," &c.—Code, § 3063. This provision, "or the proceeds thereof," is not in the statute declaring the lien and defining the property subject to levy for the rent of a store-house or other building (Code, § 3072), and indicates an intention to extend the lien for farm lands to the proceeds of the crop as well as upon the crop.—*Scaife & Co. v. Stovall*, 67 Ala. 243; *Barnett v. Warren & Co.*, 82 Ala. 557. In many of its material aspects, the case is similar to that of *Westmoreland & Trousdale v. Foster*, 60 Ala. 448, in which it was held that the assignee of a landlord was entitled to relief in a court of equity, against a tenant and a purchaser from him, who had converted the crop by sale into money.

We are of opinion that the bill has equity. The sub-tenants who are complainants, did not voluntarily pay the rent due the superior landlord, but only under legal process, and to save further cost. The law gives the landlord a lien upon all the crops grown on rented lands, yet the statute requires that the crop of the tenant in chief, when there are sub-tenants, shall be first exhausted; and justice and equity would require a creditor who

[Starke *et al.* v. Bernheim *et al.*]

has a lien upon property owned by different parties, one of whom owed the debt secured by the lien, and the other not, that the property of the debtor be first exhausted. The doctrine of subrogation can not be extended so as to authorize the application of the principle for the relief and benefit of a party who voluntarily surrenders a right or suffers an injury, the consequence of his own willful neglect or wrong, or who has connived at and assisted in the wrong.

The proof in this case satisfies us that the cotton shipped to Montgomery and sold by the respondents, was cotton delivered voluntarily to Alford by the sub-tenants, and that it was sold with their consent. The proof shows that the sub-tenants owed for rent, according to the bill and the proof, not less than nine bales of cotton, and possibly ten. There is no evidence which shows that the respondent Bernheim knew of, or assisted in, the sale of any more cotton. This cotton was delivered by the sub-tenant, including the plaintiffs, in payment of the rent due from them to Alford in October before the rent note of the tenant in chief was due or paid. They knew at the time of the delivery of this cotton to Alford, their immediate landlord, that Foster, the superior landlord, had a lien upon it, for the payment of the rent due him. They knew this when they consented to the removal of the cotton to Montgomery for sale, by Alford, and interposed no objection, and gave no notice to Foster. They themselves enabled, and were parties to, the wrong done to Foster, and they seek relief against the results of their own wrongful participation in the removal of the cotton. If the complainants had seen proper to avail themselves of the protection provided by statute for sub-tenants in section 3067 of the Code, and had given the superior landlord the notice therein authorized, and followed its provisions, they might have relieved their property from attachment at the suit of the superior landlord. In so far as the bill seeks to be subrogated to the rights of the superior landlord against the respondents for the proceeds of the cotton thus delivered to Alford, the bill is without equity and plaintiffs are not entitled to relief. In so far as the bill charges the sale of other cotton, and receipt of proceeds, by respondents, complainants have failed in their proof. In either aspect the bill was properly dismissed.

Affirmed.