# Derrick *v.* Pollard Bros.

*Action of Assumpsit.*

1. *Landlord's lien; action by assignee of rent note; effect of notice from sub-tenant.*—Where the assignee of a rent note sues to recover the proceeds of cotton sold to the defendants by sub-tenants, in payment of certain rent notes given by them to the tenant in chief, and which had been transferred by him to the defendants, a plea setting up that the sub-tenants gave notice to the superior landlord and to the plaintiff, as assignee, and made affidavit, as provided by statute, (Code of 1886, § 3067; Code of 1896, § 2714) showing a cause for attachment against the tenant in chief, and that the superior landlord or plaintiff, as assignee, failed to proceed against the original tenant, presents a good defense and is not demurrable.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The facts pertaining to this case are sufficiently set forth in the opinion. The special plea referred to therein, is as follows: "6th. Comes defendant in the above cause and pleads and says, that on, to-wit, 1st March, 1893, one Fred Owens who was in possession of certain lands in Hale county, renting the same out, did transfer and assign to this defendant the following rent notes given by Reuben Cooper, Dick Garland, Calvin Owens, for a present valuable consideration, that the said parties were sub-tenants under Fred Owens. That during the year 1893, the said sub-tenants gave notice to the assignee of the superior landlord, who is the plaintiff in this suit, of the existence of a cause authorizing the issue of an attachment against the crops of Fred Owens, who was the tenant in chief, and that said notice was in writing, duly sworn to by said sub-tenants before an officer authorized by law to administer oaths, setting forth the existence of said cause of attachment, to-wit, that the said Fred Owens has disposed of a part

of the crops on said lands, without paying the rent, and without the consent of the landlord or his assignee, and we also notify you that we have good cause to believe that said Owens is about to dispose of some part of the crops raised on said lands without paying the rent and without the consent of the landlord or his assignee ; and said notice was served by the said sub-tenants or their agents on plaintiff, at the time the notice was given, and the said assignee, plaintiff in this suit, did fail and refuse to proceed within a reasonable time thereafter against the crops of the tenant in chief, and defendant avers that the said tenant in chief had crops of cotton, corn, fodder and cotton seed enough in his possession, at the time such notice was given and for sometime thereafter, to have paid the amount of rent due by the tenants in chief to the superior landlord's assignee, the plaintiffs in this suit ; that the sub-tenants thereafter delivered some of the cotton, the proceeds of which the plaintiff now claims in this suit, to the defendants who were the assignees at the time of such delivery of three certain sub-rent notes, that the said cotton so delivered by said sub-tenants to the defendants was grown upon the lands so sub-rented by them, and was delivered in payment of these said rent notes so held by defendants."

To this plea the plaintiff demurred upon the following grounds :· "1st. Said plea fails to show any fact which estops plaintiff from claiming the cotton sued on in this action. 2d. Said plea fails to show that plaintiff was required, as to the cotton or its proceeds claimed in this action, to issue an attachment against the said tenant, Fred Owens. 3d. Said plea fails to show that the defendant was a *bona fide* purchaser of said cotton without notice of plaintiff's claim thereon. 4th. Said plea fails to show that any duty devolved on the plaintiff so far as defendant is concerned to issue an attachment against said Fred Owens. 5th. Said plea fails to show with sufficient clearness, that plaintiff was the assignee of said rent notes. 7th. Said plea fails to allege that there existed in fact at the time said notice was given by said sub-tenants, a ground for the issuance of an attachment by the plaintiff. 8th. Said plea fails to allege with sufficient clearness any loss occurred by reason of the failure of the plaintiff to issue an attachment." This demurrer was overruled, and to this ruling the plaintiff duly excepted.

[Johnson v. Montgomery Furniture Co. *et al.*]

There were verdict and judgment for the defendants. The plaintiff appeals, and the only assignment of error is the overruling of the demurrer to the defendant's special plea.

EDWARD DEGRAFFENRIED, for appellant, cited *Hussey v. Peebles*, 53 Ala. 432 ; *Westmoreland v. Foster*, 60 Ala. 448.

CHAS. E. WALLER and THOS E. KNIGHT, *contra*, cited, Code of 1886, §§ 3066, 3067.

COLEMAN, J.—The appellant as the assignee of a rent note sued to recover from appellees the proceeds of cotton sold to them by the sub-tenants, in payment of certain rental notes, given by them to the tenant in chief, and which had been transferred by him to the defendants. The defendants pleaded specially notice to the superior landlord and to the plaintiff as assignee, as provided in section 3067 of the Code of 1886, (Code of 1896, § 2714.) The court overruled a demurrer to this plea, and this ruling is the only assignment of error. We have examined the plea and hold that neither of the grounds of demurrer was well taken.—*Starke v. Bernheim*, 102 Ala. 464. It might have been more definite in stating the name of the agent of the sub-tenants, but this defect, if it be such, was not raised against the plea. The record shows that the replication to the plea was abandoned. We will not consider its sufficiency.

Affirmed.