# Henderson *v.* Pilley.

## *Action of Trover.*

1.  *Trover; what necessary to maintain suit.*—In order to maintain
    an action of trover, the plaintiff must, at the time of the in-
    stitution of the suit, have either a general or special property
    in the personal property alleged to have been converted, and
    if the property right claimed by plaintiff is special or quali-
    fied, plaintiff must have, in adition thereto, the right of im-
    mediate possession.

2.  *Same; same; case at bar.*—In an action of trover, it was shown
    that the property sued for was purchased by the defendant
    from the original owner; that prior to such purchase by the
    defendant there were proceedings instituted in the chancery
    court against the original owner and in said proceedings the
    plaintiff in the present suit was appointed   receiver   and
    ordered and directed to take possession of the property in
    question, together with other property of said original owner.

[Henderson v. Pilley.]

The plaintiff as such receiver did not take actual possession of the property sued for, but by agreement with the defendant, who was then the agent of the original owner, left the property in the defendant's possession. In the chancery proceedings there was a decree against the original owner, in which the receiver was directed to make the sale of the property and report his action to the court. The receiver reported to the court a sale of the property in question, but as a matter of fact, there was no sale of the property involved in the pending suit, although the receiver accounted to the register for the proceeds of the pretended sale, which proceeds were applied under the orders of the court. After this no further orders were taken in the chancery suit, and the cause was left off the docket. The property in the present suit was at that time in the hands of the defendant, who claimed it under his purchase from the original owner. *Held*: That the plaintiff, at the time of the institution of the present action of trover, had neither a general property right, nor a qualified or special property right in such property, and was not entitled to recover.

3. *Same; same; when can not be maintained by receiver.*—A receiver, after the cause in which he was appointed had been dropped from the docket and his duties have terminated, has no such right in the property to which he acquired possession as receiver, as will enable him to maintain an action of trover for the conversion of such property.

4. *Same; same; same.*—Where a receiver was directed by the order of the court to take possession of certain property and sell it, and although he reported a sale thereof and accounted for the proceeds of the pretended sale, there was, in fact, no sale, such report and accounting by him did not operate to divest the title to the property out of the owner, or give him the right to maintain an action of trover against the purchaser from the original owner.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The facts of the case are sufficiently stated in the opinion.

FOSTER, SAMFORD & CARROLL, for appellant.—A sale made by a trustee under the order of court to himself is not void, but voidable at the election of adverse parties seasonably made.—*McMillan v. Rushing,* 80 Ala. 402; *Anderson v. Buckley,* 126 Ala. 623.

[Henderson v. Pilley.]

So that the fact hat plaintiff may have been selling to himself makes it none the less a sale, though there may be an irregularity. A sale is a contract founded upon a money consideration by which property is transferred from the seller to the buyer.—21 Ency. Law, 446. And a judicial sale cannot be impeached collaterally for irregularities. It may be set aside if injury is caused. 3 Brick. Dig., 452, § 63.

The beneficiary should not be deprived of his right to ratify his sale and claim the benefits thereof merely because it is irregular and voidable. Otherwise he would be deprived of a valuable privilege, and may lose the fruits of a highly advantageous transaction.—*Anderson v. Buckley,* 126 Ala. 623. The court orders the property sold, it is reported sold, the amount of the purchase money is shown and the sum is paid into court, and paid out by order of court for the benefit of him who was the owner of the property. It is against public policy for an agent to sell and be interested in the purchase. But if it brought a fair price and the seller is satisfied therewith, it is not against public policy for him to ratify the sale.—*Dexter v. McClellan,* 116 Ala. 37.

Trover will lie by a bailor against a bailee, where there has been a conversion of the property by the bailee, and no further title need be shown than the bailment itself. And if the property is in possession of the bailee, subject to demand of the bailor, and the bailor makes demand therefor and he fails and refuses to surrender same, or if he asserts title thereto, he is guilty of a conversion.—*Davis v. Hurt,* 114 Ala. 146. A bailor may sue a bailee in trover without showing other title than the contract of bailment, and by showing a conversion, which makes a *prima facie* case.—3 Ency. Law (2d ed.), 753, 754.

WORTHY & GARDNER, *contra.*—A receiver is a mere officer of the court, being an indifferent person between the parties to the suit, holding the possession only of the property *pendente lite,* the title being in no wise effected thereby.—*Coleman v. Ormond.* 60 Ala. 331; High on Receivers, § 1; 20 Am. & Eng. Ency. Law, 126.

[Henderson v. Pilley.]

Fraud is never presumed, but must be strictly proven, and evidence to establish the essential elements of an estoppel by conduct or misrepresentation must be clear, precise and unequivocal.—11 Am. & Eng. Ency. Law (2d ed.), 424, citing *Miller v. Hampton*, 37 Ala. 347.

DOWDELL, J.—The appellant brought his action in trover against appellee to recover damages for the conversion of four mules and two wagons. Upon the trial of the cause, upon the undisputed evidence in the case the court gave the general affirmative charge at the request of the defendant in writing and refused it to the plaintiff. Upon this action of the court is based appellant's assignments of error.

To support the action of trover, the plaintiff must have, at the time of suit brought, either a general or special property right in the chattel alleged to have been converted; and if a special or qualified right of property, then coupled with a right of immediate possession. *Elmore v. Simon*, 67 Ala. 320; *Kemp v. Thompson*, 17 Ala. 9; *Bolling v. Kirby*, 90 Ala. 215. It must be a right to the property itself as distinguished from a mere lien upon it.—*Street v. Nelson*, 80 Ala. 230. Applying these principles to the undisputed evidence in the case, the defendant was entitled to the affirmative charge as requested, and the court committed no error in giving the same.

It is a conceded fact that the property in question originally belonged to one Monjeau, who owned a plantation in the county of Pike and upon which the wagons and mules were used in farming operations, and it is also a conceded fact that the defendant purchased said property from the said Monjeau. It is shown by the evidence on the part of the plaintiff that prior to such purchase by defendant, proceedings were had in the chancery court of said county wherein the said Monjeau was a party, and that in said proceedings the appellant, Charles Henderson, was appointed receiver, and as such receiver was by an order of the chancery court directed to take possession of the property in question, together with other property of the said Monjeau, pending said litigation in said chancery court; that said Henderson,

as such receiver, did not take the actual possession of the wagons and mules in question, but by agreement with the appellee, S. A. Pilley, who was then the agent of said Monjeau, left the same in his possession. It is further shown by plaintiff's testimony that in the course of said chancery proceedings there was a decree obtained against said Monjeau in favor of one Folmar, and an order of said chancery court directing the receiver to make sale of the property of said Monjeau in his hands as such receiver, and report his actions to said court. It is further shown that said receiver, as such, reported to said court a sale of the property in question, together with other property in his hands as such receiver, but as a matter of fact it is shown by the plaintiff himself that there was no sale of the wagons and mules, the foundation of this suit. The receiver accounted, under the orders of the court, to the register for the proceeds of the pretended sale, and paid the same over to the register, which said fund was afterwards, under a consent order, applied to the costs of the suit on the decree which had been rendered in favor of said Folmar. After this no further orders were taken in the chancery cause, and said cause was thereafter left off the docket. There was no formal order of the court discharging the receiver, nor was this essential. The fund which came into his hands as such receiver having been paid into court and there distributed under a final decree, the duties of his office as such receiver terminated. The property in question was at that time in the hands of the defendant, claiming it under a purchase from the said Monjeau. It is quite clear from this statement that Henderson had, at the time of suit brought in this case, no such qualified right in the property as would support an action of trover for the conversion of the same, for as such receiver his duties terminated, and whatever of property remained unsold under the orders of the court belonging to the original owner, Monjeau, from whose possession it had been taken by said receiver in said chancery proceedings under the orders of said court. As stated above, there was in fact no sale of this property made by the receiver,

and the fact that he reported a sale and accounted as such receiver for the proceeds of a pretended sale did not operate to divest the property rights of the said Monjeau in and to said wagons and mules. The amount paid by the said receiver into the court as the proceeds of such pretended sale was a gratuitous and voluntary payment by him. It is insisted that as Monjeau received the benefit of the fund paid into court by said receiver as proceeds from the pretended sale, he is thereby estopped from denying the plaintiff's rights to said property, and his vendee, the defendant in this action, with knowledge of these facts is likewise estopped. Whatever may be the rights of the plaintiff against the said Monjeau for accepting benefits under plaintiff's report and accounting as receiver we do not care to express any opinion as to the same, as that question is not before us; but it is quite clear that the report of the sale, when in fact there was no sale, and the voluntary and gratuitous accounting of the receiver and the payment of the funds into the court, did not transfer the title to the wagons and mules to the receiver.

So, under neither phase of appellant's contention, whether as having a general property right, or a qualified and special property right, could he recover in this form of action. The title to the property could not pass under a mere report of sale, when in fact there was no sale. As receiver, he had no qualified right with immediate right of possession at the time of suit brought, for his duties as receiver with regard to the property had ceased.

As stated above, the court committed no error in refusing the general charge requested by the plaintiff and giving it at the instance of the defendant.

Affirmed.