(92 South. 907)

**GRIFFIS v. WILSON. (7 Div. 752.)**

(Court of Appeals of Alabama. April 18, 1922.)

**Landlord and tenant ⟨key⟩252(1)—Purchaser of property subject to lien not liable, when lien not impaired.**

One purchasing from a tenant property subject to landlord's lien is not liable to the landlord, where he still has the property, and there is nothing to show that it is not still subject to the lien, and available for its satisfaction.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Action by M. Griffis against J. H. Wilson, in case, for the destruction of landlord's lien. Judgment for defendant, and plaintiff appeals. Affirmed.

The testimony tended to show that Sam Montgomery rented land from the plaintiff during the years 1918, 1919, and 1920, and that plaintiff furnished said Sam Montgomery money and other things with which to make the crop. The evidence for the plaintiff further tended to show that the plaintiff saw the defendant, Wilson, at his bank in Lincoln, and in the conversation demanded of him the tickets for the cotton, which were refused. In this same conversation it developed that the cotton and the cotton seed were then in Lincoln in the possession of Mr. Wilson. The complaint is as follows:

First Count. Plaintiff claims of the defendant the sum of five hundred and $00/100$ ($500.00) dollars for damages, for that heretofore, during the years 1918, 1919, 1920, one Sam Montgomery was the tenant of the plaintiff on certain lands in Talladega county, Alabama, owned by the plaintiff, and defendant had knowledge of such tenancy existing between plaintiff and the said Montgomery. During the years 1918, 1919, and 1920 said tenant became and was indebted to the plaintiff, for rent and advances furnished to him for the purpose of making crops on lands, in the sum of six hundred eighty-eight and $17/100$ ($688.17) dollars, upon which there is at this time a balance due to plaintiff of, to wit, the sum of five hundred and $00/100$ ($500.00) dollars. And plaintiff further avers and states that said defendant, with knowledge and notice of the fact that said Sam Montgomery was tenant of plaintiff on said lands, and was indebted to plaintiff for rents and advances, on, to wit, the 13th day of October, 1920, took from said Sam Montgomery

and converted to his own use certain crops off said lands, to wit: Three bales of cotton, of the value of two hundred fifty and $00/100$ ($250.00) dollars, and eight hundred pounds of seed cotton, of the value of, to wit, fifty and $00/100$ ($50.00) dollars, and three tons of cotton seed, of the value of one hundred and $00/100$ ($100.00) dollars, without plaintiff's consent, and without payment or satisfaction of balance due to him for rent and advances. Whereby said crops and the value thereof were wholly lost to plaintiff; hence this suit.

Lapsley & Carr, of Anniston, for appellant.

The account is in case, and entitled plaintiff to recover under the evidence. 77 Ala. 391; 142 Ala. 566, 38 South. 131; 60 Ala. 214; 53 Ala. 432; 161 Ala. 288, 49 South. 847; 105 Ala. 507, 17 South. 88. Possession of the cotton receipts and their denial to plaintiff constituted a conversion of the cotton. 1 Ala. App. 394, 55 South. 929; 1 Ala. App. 452, 55 South. 928; 121 Ala. 106, 25 South. 840; 99 Ala. 130, 12 South. 563, 19 L. R. A. 701, 42 Am. St. Rep. 38. The removal of the cotton and seed, so that the lienholder did not know where it was authorized a recovery in this case. 105 Ala. 507, 17 South. 88; 142 Ala. 566, 38 South. 131; 161 Ala. 288, 49 South. 847; 7 Ala. App. 507, 61 South. 34.

Harrison & Stringer, of Talladega, for appellee.

The landlord has only a lien and did not have such a property right as would sustain an action of trover. 57 Ala. 588; 62 Ala. 194; 66 Ala. 398; 68 Ala. 378; 159 Ala. 315, 49 South. 246. So far as appears from the evidence, the property remained subject to the lien, and hence case would not lie. 101 Ala. 604, 14 South. 361; 156 Ala. 344, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; 7 Ala. App. 513, 61 South. 34; 12 Ala. App. 451, 68 South. 539.

MERRITT, J. Conceding that the complaint states a cause of action on the case, as is insisted upon by appellant, still this holding cannot work a reversal of the case, for the reason that the testimony shows without dispute that the appellee was in possession of the property described in the complaint, nor was there any testimony to indicate that the appellant's lien had been in any wise destroyed, or its enforcement impaired. For aught that is shown, the cotton and seed remained subject to the lien and available to it, just as fully and to the same extent whilst the property was in appellee's possession as it was when it remained in the tenant Montgomery's possession.

The landlord cannot maintain an action for the destruction of his lien, unless it appears that the purchaser of the property "has disposed of the property or its proceeds, so that the lien cannot be enforced." Ehrman v. Oats, 101 Ala. 604, 14 South. 361. As was said in the case of Windham & Co. v. Stephenson & Alexander, 156 Ala. 344, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102:

"For aught appearing, defendants had said cotton and corn, separate from any other, in the same condition as when they bought it, and at the time of the trial of this case. No reason is shown for making it appear that plaintiffs' lien, if they had one, had been destroyed and could not be enforced. No facts or circumstances are proven, further than that they bought said property from Daugherty, which tend to show that defendants have done any acts with reference to the property in question, and the mere fact of their purchase, without more, was not wrongful, as destructive of plaintiffs' alleged lien."

And then this court has said in the case of Clark v. Johnson & Lattimer, 7 Ala. App. 507, 61 South. 34:

"Mere proof of facts sufficient to show only a conversion, if the action were one of trover by the owner, without more, will not sustain this action; for the interest of the plaintiff in the property is only a lien, which is neither a jus in re nor a jus ad rem, and, unlike the legal title, carries with it neither the possession nor the right to possession, but only the right to have the property levied on and sold under execution for the satisfaction of his judgment. No intermeddling with the property, therefore, is or can be injurious to the plaintiff's rights, which stops short of a destruction or impairment of his lien; for until then there is nothing in the way of its enforcement, which is the plaintiff's only right. The case is essentially different from that of a suit in trover by the owner. In such a case, proof only of a mere conversion of the property is, of course, sufficient; for mere conversion in such case results in injury to the plaintiff, interfering, as it does, with his rights to the possession, dominion, and control of the property, the incidents of ownership."

See, also, the case of Lowery v. Haley, 12 Ala. App. 448, 68 South. 539.

The facts in the case at bar are very different from the facts in the case of Baker v. Allen, 161 Ala. 288, 49 South. 847. It is true that in the Baker Case, supra, the statement is made that "that he [defendant] had the cotton," yet the two other statements, that defendant said "the cotton was about there, and to find it if he could," and "that the cotton, cotton seed, etc., taken possession of and disposed of by defendant," very clearly indicates to our mind that the court rested the opinion in the case on the fact that the defendant had disposed of or put beyond the reach of the plaintiff the cotton, upon which plaintiff claimed a lien, and for the destruction of which the suit was brought. In the instant case, the evidence is undisputed that the defendant was in possession of the cotton, and, this being so, it does not appear how the plaintiff's lien, if any he has, is impaired.

Our view on this question being fatal to a recovery on the part of the plaintiff, it is unnecessary to consider other questions raised. The judge, without a jury, tried the case, and we see no reason to disturb the judgment. It is therefore affirmed.

Affirmed.