## RICHARDSON et al. v. SEWELL.
## (7 Div. 905.)

(Court of Appeals of Alabama. Oct. 16, 1923.)

**1. Trover and conversion ⬅⟿32(3)—Count not alleging ownership of property demurrable.**

A count in trover containing no allegation of ownership of the property alleged to have been converted is subject to appropriate demurrer.

**2. Chattel mortgages ⬅⟿177(1)—Plaintiff must have title, and mortgage not yet matured insufficient.**

A conversion of cotton prior to maturity of a mortgage thereon will not support trover by the mortgagee, since to sustain the action plaintiff must have title as distinguished from mere lien.

**3. Chattel mortgages ⬅⟿177(3) — Evidence held insufficient to show destruction of lien on cotton in action on case therefor.**

In an action for conversion of mortgaged cotton, evidence that defendant's agent took possession of the cotton and was preparing to send it away was insufficient to show a destruction of the lien so as to support a count in case for destruction thereof.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by W. A. Sewell against J. K. Richardson and the Farmers' & Merchants' Bank. From a judgment for plaintiff, defendants appeals. Reversed and remanded.

Hugh Reed, of Center, for appellants.

The plaintiff failed to make out his case, and the judgment should be reversed.

Motley & Motley, of Gadsden, for appellee.

There was no error in the judgment rendered.

BRICKEN, P. J. To appellee's complaint, containing two counts, the appellants filed a plea of the general issue, and appellant bank also interposed two special pleas. No demurrers were filed to the complaint or the pleas. The merits of the case depend upon the proof offered in support of the issues thus made by the pleadings.

[1] The first count is in trover, but contains no allegation of ownership of the property alleged to have been converted. It therefore was subject to appropriate demurrer. Weil Bros. v. Ponder, 127 Ala. 296, 28 South. 656. Without intimating any opinion as to whether, in view of this omission, this count would or would not support a judgment, it is sufficient, for the purpose of this appeal, to say that appellee's sole claim to the cotton, alleged to have been converted, was by virtue of a mortgage maturing October 15, 1920, and the record is entirely silent as to whether the alleged conversion took place before or after the maturity of the mortgage.

[2] A conversion prior to such maturity would not support trover, since to sustain such action the plaintiff must have title as distinguished from mere lien. Johnson v. Wilson, 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; Henderson v. Pilley, 131 Ala. 548, 32 South. 490.

[3] Appellee's second count, after setting up a mortgage lien, seeks the recovery of the value of a bale of cotton, alleges "the defendants took said cotton and converted to their own use and placed same where this plaintiff could not enforce his said lien." If this be considered as a trover count, what has been said above is equally applicable here. If it be considered as a count in case for the destruction of appellee's lien (and since counsel for both parties so treat it we will also), no proof was offered that the cotton was rendered unavailing to such a lien. Upon this subject the record shows only that an agent of appellant bank took possession of the cotton and that appellant Richardson was "fixing up next morning to send it to Rome." Non constat the cotton remains in appellant's possession with appellee's lien thereon intact, enforceable equally as well as when the cotton was in the mortgagor's possession. According to the authorities, this is wholly insufficient to show a destruction of the lien. Griffis v. Wilson, 18 Ala. App. 449, 92 South. 907; Windham v. Stephens, 156 Ala. 341, 47 South. 280, 19 L.

R. A. (N. S.) 910, 130 Am. St. Rep. 102.

It results that the cause must be reversed and remanded, and renders unnecessary a discussion as to the validity of the mortgage or priority of the mortgage.

Reversed and remanded.