(112 So. 907)

ALBERTVILLE TRADING CO. v. CRITCHER. (8 Div. 944.)

Supreme Court of Alabama. April 7, 1927.

Rehearing Denied May 26, 1927.

1. Chattel mortgages ⚌229(3)—In mortgagee's action against purchaser from mortgagor in assumpsit and for destruction of mortgage, testimony that plaintiff promised another to see bill paid held admissible.

In mortgagee's action against purchaser from mortgagor in assumpsit for destruction of mortgage on cotton, testimony that plaintiff promised fertilizer man to see bill paid *held* admissible in connection with evidence that he agreed to mortgagor's sale of part of cotton to pay such bill, though mortgagor was not party to understanding.

2. Chattel mortgages ⚌219—No implied ratification of mortgagor's sale arose because mortgagee, who was also landlord, accepted proceeds.

No implied ratification of mortgagor's sale, made without consent of mortgagee, arose from fact that after sale mortgagor deposited part of proceeds due mortgagee as landlord for rent, and mortgagee, with knowledge that deposit was proceeds, accepted and used it, since he

had lien on proceeds wholly apart from mortgage.

**3. Landlord and tenant ⬗246(6)—Landlord holding mortgage for advances had separate lien for rents extending to proceeds of mortgaged cotton, wherever found, except in hands of bona fide holder (Code 1923, § 8806).**

Where chattel mortgage was given for advances, mortgagee as landlord had separate lien against cotton for portion due as rent, and such lien extended to proceeds of cotton, wherever found, so long as they did not pass to bona fide holder, in view of Code 1923, § 8806.

**4. Chattel mortgages ⬗229(1)—Proceeds of mortgagor's unauthorized sale, accepted by mortgagee, go to lessen damages recoverable from purchaser for conversion or destruction of mortgage lien.**

Proceeds of unauthorized sale by mortgagor, which were accepted by mortgagee, *held* to go to lessen damages recoverable from purchaser for conversion or destruction of mortgage lien.

**5. Chattel mortgages ⬗114—Chattel mortgage covering advances and debts to become due before payment held not to cover rents payable in kind.**

Chattel mortgage covering advances then made and containing clause extending it to any other debt to become due before payment *held* not to cover rents payable in kind, especially where parties treated rent as distinct demand.

**6. Chattel mortgages ⬗229(3)—In mortgagee's action against purchaser from mortgagor, later note and unrecorded mortgage held properly received as evidence of further demand covered by first mortgage.**

In mortgagee's action against purchaser from mortgagor in assumpsit and for destruction of mortgage on cotton, later note and mortgage, though not recorded, were properly received as evidence of further demand covered by first mortgage, which was recorded.

**7. Chattel mortgages ⬗172(1)—In detinue by mortgagee against mortgagor, in which defendant on suggestion requires amount of mortgage debt to be ascertained, amount should be ascertained as of date of trial (Code 1923, § 7400).**

In suit in detinue by mortgagee against mortgagor or one holding under him, wherein defendant on suggestion requires amount of mortgage to be ascertained, under Code 1923, § 7400, amount should be ascertained as of date of trial, and not date suit was brought.

**8. Detinue ⬗17—Proceeding, in suit in detinue to ascertain value, is "upon suggestion" and need not be by formal pleading (Code 1923, § 7400).**

Proceeding, in suit in detinue to ascertain value, is "upon suggestion," within Code 1923, § 7400, and need not be by formal pleading, and there is no need for special·plea setting up payments after suit is brought.

**9. Chattel mortgages ⬗172(9)—Where mortgagee, in detinue against mortgagor, replevined property and foreclosed it under power of sale, judgment properly showed balance on mortgage debt after applying proceeds of sale.**

Where, in suit in detinue by mortgagee against mortgagor, plaintiff took property under replevy bond and foreclosed it under power of sale pending detinue suit, it was proper for judgment to show balance of mortgage debt ascertained by verdict of jury under instruction of court representing amount due after applying proceeds of foreclosure sale.

**10. Chattel mortgages ⬗229(1)—Mere evidence of sale of mortgaged chattel without mortgagee's consent will not sustain action on the case against purchaser for destroying mortgage lien.**

Mere evidence of sale of mortgaged chattel without consent of mortgagee will not sustain action on the case against purchaser for destruction of mortgage lien, but sale by purchaser, concealment, removal, commingling, or other act placing property beyond mortgagee's reach or obstructing his remedies against property must appear.

**11. Action ⬗28—To waive tort and sue in assumpsit after mortgagor's unauthorized sale of cotton, cotton must have been sold by purchaser.**

To waive tort and sue in assumpsit, after mortgagor is unauthorized sale of mortgaged cotton, cotton must have been sold by purchaser, with reception of money or things in lieu of money as price or value of mortgagee's property.

**12. Chattel mortgages ⬗229(3)—Sale or consumption of mortgaged cotton by purchaser from mortgagor may be presumed after reasonable time permitting action by mortgagee.**

Where mortgagor of cotton sells it without authority, sale or consumption by purchaser may be presumed or inferred after lapse of reasonable time, permitting mortgagee to bring action against him.

**13. Chattel mortgages ⬗229(3) — Where mortgagor sold cotton two weeks before law day of mortgage, no sale by purchaser within such period can be presumed.**

Where mortgagor of cotton sold it without authority of mortgagee two weeks before law day of mortgage, no sale by purchaser within such period can be presumed by mortgagee bringing action against purchaser in assumpsit and for destruction of mortgage.

**14. Chattel mortgages ⬗229(1)—Mortgagee of cotton cannot recover from purchaser from mortgagor on counts in case and assumpsit, where sale·by purchaser was not shown.**

Where mortgagor of cotton sold it without authority but there was no showing that purchaser had sold it before law day of mortgage, court erred in refusing charge that mortgagee could not recover against purchaser on counts in case and assumpsit.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Trover and conversion ☞16—To maintain trover, plaintiff must have title and possession or immediate right to possession at time of conversion.**

To maintain trover, plaintiff must have title, general or special, in property and possession thereof or immediate right of possession at time of conversion.

**16. Chattel mortgages ☞225(2)—Purchaser of mortgaged cotton held not liable in trover to mortgagee before law day mortgage.**

Purchaser of mortgaged cotton is not liable in trover, in action by mortgagee before law day of mortgage, where mortgagor is entitled to retain possession until law day.

**17. Chattel mortgages ☞225(2)—One purchasing cotton from mortgagor without mortgagee's consent and retaining it after law day of mortgage is guilty of "conversion."**

One purchasing cotton from mortgagor without consent of mortgagee and retaining it after law day of mortgage, claiming it under such illegal purchase or thereafter disposing of it in disregard of mortgagee's title and right of possession, is guilty of "conversion" and liable in trover.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**18. Trover and conversion ☞4—"Conversion" includes unlawful dominion over property in exclusion of rights of owner, though at time possession was taken right had not accrued.**

Conversion includes unlawful dominion over property to exclusion of rights of owner entitled to present possession, though at time possession was taken owner's right to possession had not accrued, so as to support action of trover as of that date.

**19. Chattel mortgages ☞225(1)—Purchaser participating in mortgagor's wrongful sale without mortgagee's consent is not holder as of right.**

Law forbids sale of mortgaged chattels without the consent of the mortgagee, and purchaser participating in wrongful act of mortgagor is not holder as of right.

**20. Chattel mortgages ☞229(1)—After law day of mortgage, mortgagee may sue in trover without demand against purchaser from mortgagor participating in sale without mortgagee's consent.**

Possession by purchaser of mortgaged chattel from mortgagor, without mortgagee's consent, is tortious and no demand is necessary by mortgagee before bringing suit in trover after law day of mortgage.

**21. Chattel mortgages ☞229(1)—Purchaser of mortgaged cotton from mortgagor without mortgagee's consent, disposing of property before mortgagee's right of possession accrued is liable to mortgagee in case.**

Where one purchasing mortgaged cotton from mortgagor, without mortgagee's consent, disposed of property in destruction of mortgage lien before mortgagee's right of possession accrued, he is liable to mortgagee in case.

**22. Action ☞28—Chattel mortgages ☞229(1)—Mortgagee may waive tort and sue in assumpsit, where mortgagor's purchaser sold goods and obtained proceeds, recovery being limited to debt and interest.**

Where one purchasing mortgaged cotton from mortgagor without mortgagee's consent sold such cotton and proceeds came to his hands, mortgagee may waive tort and sue in assumpsit for money had and received, but recovery is limited to amount of debt and interest and cannot exceed value after deducting amount collected on rents.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by F. N. Critcher against the Albertville Trading Company, in assumpsit and for destruction of a mortgage lien. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Street, Bradford & Street, of Guntersville, for appellant.

The evidence shows the cotton was purchased by defendant before the law day of either mortgage, and trover would not lie. Tallassee Falls Mfg. Co. v. Bank, 159 Ala. 315, 49 So. 246; Wilson v. Curry, 149 Ala. 368, 42 So. 753; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153. On suggestion, in a detinue suit, for ascertainment of the amount due on the mortgage, the basis of the suit, the jury finding on that question as to the amount due is the amount due at the beginning of the suit and the property seized if sold under the mortgage must be credited on the amount the jury ascertains under the suggestion, and, if the credits applied are more than sufficient to pay the amount ascertained, the balance goes to defendant, and the mortgage is extinguished. Code 1923, § 7400; 16 Cyc. 685. The landlord must have the consent of his tenant in order to become bound for supplies furnished him by another. Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795. Under the evidence, plaintiff authorized the sale of one bale of the cotton; he gave permission to his tenant to sell at the beginning of the season. Proceeds of the other two bales was deposited to plaintiff's credit; he drew out and used same and thereby ratified the sale. Defendant's requested charges, instructing against a recovery under the counts for conversion, destruction of lien, and money had and received should have been given. Griffis v. Wilson, 18 Ala. App. 449, 92 So. 907; Southern R. Co. v. Attalla, 147 Ala. 653, 41 So. 664; Crawford v. Barkley, 18 Ala. 270; 31 Cyc. 1257. Mere purchase of property subject to a lien by virtue of a recorded mortgage is not sufficient on which to base an action for destruction of a lien.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thos. E. Orr, of Albertville, for appellee.

Unless there is a palpable failure of the evidence to support the verdict, the trial court will not be put in error for refusal to grant a motion for new trial. Jones v. Tucker, 132 Ala. 305, 31 So. 21; Cobb v. Malone, 92 Ala. 630, 9 So. 738. Any person who converts a crop upon which there is a recorded mortgage, is liable to the mortgagee in an action on the case. Woods v. Rose, 135 Ala. 301, 33 So. 41; Rees v. Coats, 65 Ala. 256. The judgment in the detinue suit was not subject to collateral attack. 34 C. J. 511, 521; Wheeler v. Strickland, 178 Ala. 360, 60 So. 59.

BOULDIN, J. The suit is by a mortgagee of certain bales of cotton against a purchaser from the mortgagor. The case went to the jury on the counts in the case for the destruction of the mortgage lien, and in assumpsit for money had and received.

[1] The main issue of fact in the case was whether the mortgagee gave his consent to the sale. This issue, under the evidence, was for the jury. The testimony of the plaintiff that he agreed or promised the fertilizer man to see his bill paid was admissible in connection with his evidence that he agreed for the mortgagor to sell the first picking to pay that bill, but did not agree to the sale of later bales to this defendant. It was a circumstance tending to show a reason for the plaintiff making a difference as he claims. That the tenant was not a party to such understanding so as to give his landlord a lien for the fertilizer bill did not render the evidence illegal under the issues of this case.

[2] No implied ratification of the sale, if made without consent of the mortgagee, arose from the fact that after the sale the mortgagor deposited one-fourth the amount of the proceeds due the plaintiff as landlord for rent, and that plaintiff, with knowledge that the deposit was proceeds of the cotton, accepted and used it.

[3] The mortgage being given for advances, plaintiff, as landlord, had a separate lien against the cotton for the portion due him as rents. This lien extended to the proceeds of the cotton, wherever found, so long as they did not pass to a bona fide holder. The plaintiff, as landlord, had the right of recapture to the extent of his rent lien, whether these proceeds were derived from a lawful or a tortious sale. Code, § 8806; Ehrman v. Oats, 101 Ala. 604, 14 So. 361; Starke v. Bernheim, 102 Ala. 464, 466, 14 So. 770.

[4] The doctrine of implied ratification by acceptance of the proceeds of sale rests upon acts or declarations inconsistent with a denial of the authority to sell. The plaintiff, having a lien upon proceeds as such, wholly apart from his mortgage, did not buy accepting them under his lien sanction a sale of his mortgaged property without his consent. The amount so recaptured went to lessen the damages recoverable from the purchaser for conversion or destruction of the mortgage lien. Hodges v. Westmoreland, 209 Ala. 498, 96 So. 573.

[5] We find no evidence to support the view that the landlord waived his lien for rents and took the mortgage as sole security therefor. The face of the mortgage covered advances then made. The clause extending it to any other debt to become due before payment does not appear to cover rents payable in kind, and the parties, according to the evidence of both sides, treated the rent as a distinct demand from the mortgage.

[6] The later note or mortgage for $155, given for corn and hay furnished after the giving of the main mortgage for $594, though not recorded, was properly received as evidence of a further demand covered by the first mortgage, which was duly recorded.

[7] In a suit in detinue by a mortgagee against the mortgagor or one holding under him, wherein the defendant, upon suggestion, requires the amount of the mortgage debt to be ascertained, under Code, § 7400, the amount should be ascertained as of the date of the trial, not of date suit brought. The purpose is to determine the amount still due to be paid the mortgagee for the release of the property or its value from the judgment in detinue.

[8] The proceeding to ascertain the value is "upon suggestion," need not be by formal pleading, and there is no need for a special plea setting up payments after suit is brought.

[9] In the former suit in detinue between mortgagee and mortgagor, the plaintiff having taken the property under a replevy bond and foreclosed it under power of sale pending the detinue suit, it was proper for the judgment to show the balance on the mortgage debt ascertained by the verdict of the jury under instructions of the court, representing the amount due after applying the proceeds of the foreclosure sale.

Defendant's contention, that the judgment for plaintiff for the property sued for, or its alternative value, was conclusive that such property or value must be applied to the balance ascertained by the jury and operated a full satisfaction of the balance so found, is untenable. The judgment is construed as a whole.

[10] Mere evidence of a sale of a mortgaged chattel without the consent of the mortgagee will not sustain an action on the case against the purchaser for destruction of the mortgage lien. A sale by the purchaser, concealment, removal, commingling so as to destroy identity, or other act placing the property beyond the reach of the mortgagee or obstructing his remedies against the property must appear in the evidence. Windham v. Stephenson, 156

Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Richardson v. Sewell, 19 Ala. App. 399, 97 So. 678.

[11] Likewise, to waive the tort and sue in assumpsit, the cotton must have been sold by the purchaser, and the reception of money, or things in lieu of money, as the price or value of plaintiff's property. Southern Ry. Co. v. City of Attalla, 147 Ala. 653, 659, 41 So. 664.

[12, 13] There was an entire want of evidence of a sale by defendant or other disposition destructive of the mortgage lien of plaintiff. Dealing with articles like cotton, purchased for the market, a sale or consumption may be presumed or inferred after the lapse of considerable time. In this case, the two bales of cotton involved under the evidence were purchased on October 16th, two weeks before the law day of the mortgage. No sale by the purchaser within that period can be presumed.

[14] The court erred in refusing written charges to defendant to the effect that the evidence did not warrant a verdict on the counts in case and assumpsit. The motion for a new trial should have been granted on like grounds.

Since the cause must be reversed, we deem it proper for a guidance of the court on another trial to mention the counts in trover, charged out at the instance of the defendant.

[15] It is well-recognized law that to maintain trover the plaintiff must have a title, general or special, in the property and the possession thereof or the immediate right of possession at the time of the conversion. Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Bank v. Burnett, 213 Ala. 89, 104 So. 17.

[16] So, when the suit for conversion is by the mortgagee, and by the terms of the mortgage the mortgagor is entitled to retain possession until the law day or other event named in the mortgage, a purchaser of the property before such date is not liable in trover. Johnson v. Wilson, 137 Ala. 469, 34 So. 392, 97 Am. St. Rep. 52; Tallassee Co. v. Bank, 159 Ala. 315, 49 So. 246.

[17-20] But, if defendant purchased the cotton without the consent of the mortgagee and retained it after the law day of the mortgage, claiming it under such illegal purchase, or thereafter disposed of it in disregard of plaintiff's title and right of possession, this would be a conversion. Conversion includes an unlawful dominion over property in exclusion of the rights of the owner entitled to present possession, although at the time possession was taken the owner's right to possession had not accrued so as to support the action of trover as of that date. The law forbids a sale of mortgaged chattels without the consent of the mortgagee; a purchaser partici-

pating in the wrongful act of the mortgagor is not a holder as of right. His possession being tortious, no demand is necessary before bringing suit in trover after the law day of the mortgage.

[21] The controlling issue in this case is whether the mortgagee gave such consent to the sale of this cotton as will protect the purchaser from the mortgagor. If so, plaintiff has no case. If not, the purchaser disposed of the property in destruction of the mortgage lien before the right of possession accrued to the mortgagee, he is liable in case, and if he held it under his purchase until after the law day, he is liable in trover.

[22] If sold in either case, and the proceeds came to the purchaser's hands, plaintiff may waive the tort and sue in assumpsit for money had and received. In all cases, the recovery to be limited to the amount of plaintiff's debt and interest, and not to exceed values after deducting amount collected by plaintiff on rents.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.