(120 So. 923)

**Bob ADKINS v. STATE.   (7 Div. 469.)**

Court of Appeals of Alabama.   Feb. 26, 1929.

Chas. J. Scott, of Ft. Payne, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   Defendant was convicted on a charge of violating the prohibition law, and appeals.   The evidence for the state, if believed beyond a reasonable doubt, is sufficient upon which to base a conviction of the offense charged.   We find no error in the record and the judgment is affirmed.

Affirmed.

(122 So. 919)

**ALBERTVILLE TRADING CO. v. F. N. CRITCHER.   (8 Div. 654.)**

Court of Appeals of Alabama.   April 2, 1929.

Rehearing Denied May 14, 1929.

Street, Bradford & Street, of Guntersville, for appellant.
Thos. E. Orr, of Albertville, for appellee.

RICE, J.   This is the second appeal in this case.   The first, decided by the Supreme Court, is reported in 216 Ala. 252, 112 So. 907.   So far as we can see, the opinion by the Supreme Court, supra, contains about all that is necessary to be said, on the questions now presented to us.

The errors on the former trial of the case, pointed out by the Supreme Court, appear to have been definitely corrected on the trial resulting in the judgment from which this appeal is taken, or rather the defect in the testimony which caused the rulings therein mentioned to be erroneous was supplied on this trial, and we fail to see the need of a further discussion by us.   On the instant trial there was positive evidence of a sale by defendant (appellant) of the cotton in question, which would support the recovery either in case for the destruction of plaintiff's (appellee's) lien, or in trover for the conversion of the cotton in question.

None of the rulings assigned as error, and sufficiently argued here to prevent it being said they were waived, appear to have been, in the light of the opinion by the Supreme Court on the former appeal, supra, prejudicially erroneous, and the judgment is affirmed.

Affirmed.

(127 So. 916)

**Bessie ALEXANDER v. SOUTHERN LIFE & HEALTH INSURANCE COMPANY.**

6 Div. 647.

Court of Appeals of Alabama.

March 25, 1930.

Harrison Kendrick, of Birmingham, for appellant.

Cabaniss, Johnson, Cocke & Cabaniss, of Birmingham, for appellees.

SAMFORD, J.

The plaintiff procured from defendant company a policy of insurance on the life of her husband, John Alexander, in which she was named as beneficiary.   The policy was dated September 6, 1926, was issued without medical examination of the insured, and delivered to plaintiff, who paid the initial payment thereon.   In the body of the policy appears the following clause: "4. No obligation is assumed by the Company prior to the date hereof, nor unless on delivery hereof the insured is alive and in sound health and free from accidental injury."   And on the reverse side of the policy referred to and made a part thereof is the following warranty: "9. Unless otherwise stated in a waiver signed by the President or Secretary, this Policy is void if the insured before its date had been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint, or has ever had before said date, tuberculosis, pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys or pellagra."

The insured, from June, 1926, continuously until he died, on October 16, 1926, was diseased with pulmonary tuberculosis, from which he died.   There is no conflict in the evidence as to the above and no scintilla of evidence from which legal inferences could be drawn to the contrary.

The judgment is affirmed on authority of Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees v. Riggins, 214 Ala. 79, 107 So. 44.

The judgment is affirmed.

Affirmed.