151 So. 601

## ARMSTRONG v. BLACKWOOD.
### 6 Div. 398.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

Reversed on Mandate Dec. 19, 1933.

J. T. Johnson, of Oneonta, for appellant.

B. M. Bains, of Oneonta, for appellee.

RICE, Judge.

This case involves the principal amount of $23.70. Court costs already accrued doubtless far exceed that sum.

We are not satisfied but that some of the points made by appellant's counsel in his argument here for a reversal of the judgment contain substantial merit. With a critical eye, even without the aid of a legal microscope, error in the rulings made in the conduct of the trial could be found.

But the controversy was one of the simplest. One Perry Dover was a tenant of appellee's; he raised some cotton upon which appellee had a lien for rent; appellant bought some cotton from Perry Dover which the jury could well have found, as they did, was the cotton upon which appellee had a lien; and the jury could well have found, under the evidence, of course, that appellant knew, etc., of appellee's lien upon the cotton which he bought, etc.

Whether the complaint was sufficient, whether there was a technical destruction, etc., of appellee's lien, or what not, as the case was tried, the sole issue was as to whether or not appellant had gotten—appropriated to his own use, etc.—cotton upon which appellee had a valid lien, and had destroyed appellee's lien, or "obstructed the enforcement of it." See City Nat. Bank of Decatur v. Nelson, 218 Ala. 90, 117 So. 681, 61 A. L. R. 938. The amount of the value of the cotton in question was not in controversy.

Appellant received the cotton—has it. If he is by the result of this litigation required to pay again for it, because appellee had a valid lien on it, etc., he cannot be legally injured, even though the litigation is pitched on technically unsound principles of procedure. See Griffis v. Wilson, 18 Ala. App. 449, 92 So. 907.

As the learned trial judge put it, in his oral charge:

"Gentlemen of the jury, you just want to do the honest, fair, just thing between these parties. I don't see in this evidence any evidence of bad faith, or fraud, or crookedness on the part of Ike Armstrong. Ike said all the time that he had the bale of cotton, but that he wouldn't give it up until the proper authority came for it. Well, gentlemen, that is a refusal to give it up without legal steps to take it. Mr. Blackwood had a right to resort to whatever remedy the law afforded him, and in this case he had a right to waive his lien on that cotton, and to sue on an account for the value of that cotton, and if Mr. Armstrong had notice of Mr. Blackwood's lien, Mr. Blackwood is entitled to recover. If he did not have notice of it, then Mr. Blackwood is not entitled to recover. You don't want to do Ike an injustice, and you don't want to do Mr. Blackwood an injustice. You want to do just right. That is all I want to do, that is all you want to do, that is all any of (us) want to do, and if either the plaintiff or the defendant wanted more than that, they can't get it at our hands. Let's do right about it, and settle it according to what the truth is in this case, and when we have done that we have done what they asked us to do, and you are not to be concerned about whether or not they are satisfied or dissatisfied about it. You must have the courage to do right according to what you think the truth of the case is, regardless of who it pleases or who it displeases.

"If you are reasonably satisfied that Mr. Armstrong had notice of Mr. Blackwood's lien, the form of your verdict is, We, the jury find the issues in favor of the plaintiff, under count four of the complaint, and we assess his damages at so much, which will be the value of the cotton at the then market value of the cotton, and you get that from the evidence. If you fail to become reasonably satisfied that Mr. Armstrong had notice of the lien, the form of your verdict is, we the jury, find the issues in favor of the defendant, and in either case, one of your number sign the verdict as foreman and bring it, together with all papers into court."

We are convinced that Supreme Court Rule 45 was meant for just such cases as this.

The judgment is affirmed.

Affirmed.

Opinion after Remandment.

PER CURIAM.

Of course the judgment from which the appeal is taken in this case must be, and is, hereby, reversed, and the cause remanded to the circuit court, under the authority, and as a consequence, of the opinion and decision of the Supreme Court on certiorari. Code 1923, § 7318; Const. 1901, § 140.

We are not able to apprehend just what it was we said "as applied to the 'count in case'," to which the Supreme Court withholds its approval. There was testimony on the trial that at least the "cotton seed" involved in the suit had been "commingled by appellant so as to destroy identity," etc., and we had this in mind when we used the "etc." immediately after the expression "appropriated to his own use" where the same occurs in our opinion. This may be what the said high court had reluctance to approve.

At any rate, our ideas as to the technical rules that should have been followed in the litigation were gained from the opinion by the Supreme Court in the case of Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907, together with other (rather numerous) opinions of the Supreme Court along kindred lines, several of which were cited in appellant's brief. And to these the parties are referred for their continued litigation.

Reversed and remanded.